(No. 34913.—

THE CITY OF CHAMPAIGN, Appellee, *vs.* LEO L. ROSEMAN
*et al.,* Appellants.

*Opinion filed November 26, 1958—Rehearing denied Jan. 22, 1959.*

KENNETH H. LEMMER, and RICHARD W. VELDE, both of Havana, and NORVAL HODGES, of Urbana, for appellants.

ALBERT TUXHORN, of Champaign, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This appeal is from a decree of the circuit court of Champaign County permanently enjoining the defendants, Dr. Leo L. Roseman and his wife, from using lot 5 in block 1 of J. G. Clark's subdivision in the city of Champaign as a physician's and surgeon's office and further restraining them from using it for any purpose prohibited by the ordinances of the plaintiff city. The trial judge certified that the validity of a municipal ordinance is involved and that in his opinion the public interest requires an appeal to this court.

The complaint as amended alleged that the city passed its zoning ordinance on August 29, 1950, with four residential classifications: R-1, single family; R-2, two-family; R-3, multiple-family (3-story); and R-4, multiple-family (6-story). It further alleged that defendants acquired the lot on January 27, 1956, in the R-3 district, that the tract was improved with a two-story frame dwelling, that defendants obtained a permit from the city to remodel the dwelling to provide one apartment on the first floor and two apartments on the second floor, that the building was altered to provide office space on the first floor, and that upon completion the defendant Leo L. Roseman set up his physician's and surgeon's office on the first floor and has since continuously used it for that purpose, although notified to cease and desist.

Defendant's answer denied the passage, approval and effectiveness of the zoning ordinance, asserted the invalidity of the section which makes it unlawful to make alterations

other than as authorized by permit, denied that the property was located in an R-3 district, and denied that the alterations were contrary to the permit. Other material allegations of the complaint were admitted, including the structural changes and use and occupancy charged. The answer affirmatively alleged that the restrictions upon defendants are unreasonable and arbitrary, that they constitute an unreasonable classification and that such restrictions have no substantial relation to nor adverse effect upon the health, safety, morals or welfare of the public.

Plaintiff served a written request under Rule 18 (Ill. Rev. Stat. 1957, chap. 110, par. 101.18) for admission of the genuineness by defendants of the zoning ordinance and zoning map attached thereto, and the truth of the location of the subject property by address and street boundaries. Admission of the truth of the statements that the defendants do not reside on the premises and that a certain officer of plaintiff was duly appointed and acting was also requested. No denial of nor objection to the request was served upon plaintiff within 10 days thereafter.

A motion for judgment on the pleadings by plaintiff resulted in the decree appealed from. The trial court found that the allegations of the answer, together with facts admitted by the defendants, were insufficient as a matter of law to constitute a defense to the action, and that such allegations presented questions of law only and that no questions of fact existed for consideration by the court.

We see no error in the entry of judgment on the pleadings. The only issues of fact raised by the answer were admitted by failure to deny or object to the requests for admission of facts provided for in Rule 18. Thus, all allegations of the complaint having been admitted, there were no remaining issues of fact. The affirmative allegations of the answer were conclusions of the pleader and left only questions of law. A judgment on the pleadings is proper in such a case. *Milanko v. Jensen,* 404 Ill. 261.

The real question presented is whether an R-3 residential district which permits hospitals and clinics, nursing homes, institutions of an educational nature (which could include a medical college or school of veterinary medicine) and other uses, but prohibits the operation of a physician's and surgeon's office, is arbitrary and void as a matter of law. The defendants contend that the ordinance as it relates to their property violates the due-process clauses of the Federal and State constitutions, and also sections 13 and 14 of article II of the latter.

Zoning is the prerogative of municipalities by virtue of legislative grant. To be valid a zoning classification must bear some real and substantial relationship to the public welfare, health or safety. (*Gordon* v. *City of Wheaton,* 12 Ill.2d 284.) There is a presumption of validity of an ordinance adopted pursuant thereto (*Krom* v. *City of Elmhurst,* 8 Ill.2d 104), and where, as here, there are no questions of fact, the ordinance must appear to be arbitrary, unreasonable and confiscatory on its face before a court is justified in striking it down.

Defendants urge that a physician's and surgeon's office is no more detrimental to public health, safety or welfare than the permitted uses under the ordinance. Their particular target is the provision permitting "hospitals and clinics" used for the diagnosis and treatment of human ills, while denying them the use of their property for the same purpose. We think the difference is apparent. Hospitals, whether privately or publicly owned, are institutions operated largely for the benefit of the community by the care and treatment of bed patients. They are normally so located that immediate emergency treatment is available to the public, and in residential sectors which are quiet. Their number is necessarily limited by economic factors. In contrast, doctors' offices are individually owned and operated and, while profit is not the sole motive, it is a substantial factor. If doctors' offices must be allowed in resi-

dential areas where hospitals are permitted, it would seem to follow that dentists and persons of all other professions and occupations engaged in the treatment of human ills would have just complaint if they too are not given the same privilege. The result might well be an office in every residential block, with a resultant breakdown of zoning within the city.

Defendants rely upon *Johnson* v. *Village of Villa Park*, 370 Ill. 272, wherein an ordinance was held unreasonable by excluding undertaking establishments while permitting many other uses in a residential district. In that case, and others cited by defendants, there were questions of fact upon which the court's determinations were made.

The case of *Skrysak* v. *Village of Mount Prospect*, 13 Ill.2d 329, is authority for the proposition that dental offices may be prohibited in a residential district, however it does not reach the ultimate problem here of whether the classifications which permit certain uses but deny the defendants' use is discriminatory as a matter of law.

We are of the opinion that the classifications set up for an R-3 district were within the legislative discretion of the city council, and that the propriety of the classification was a debatable question for determination by that body. (*La Salle Nat. Bank* v. *City of Chicago*, 6 Ill.2d 22; *Mahoney* v. *City of Chicago*, 9 Ill.2d 156.) It is not within our province to examine the motives which prompted the legislative action so long as they are not arbitrary. It could well be that institutional uses as opposed to private offices were considered. By permitting boarding houses, private clubs, Greek letter organizations and dormitories in an R-3 district, the city council may well have taken the realistic view that the welfare of the public demanded that action because of the location of the University of Illinois in the twin cities of Champaign and Urbana. It is sufficient to say that there was a debatable question and we therefore will not interfere.

Defendants make the further point that their use of the property is permitted by the ordinance. This contention is based on theory that the ordinance does not define several terms, including "clinic," and that his practice and that which is done in a clinic are identical according to at least one definition of the word. The ordinance classification reads: "Hospitals and clinics; nursing home(s)." We interpret this to mean that clinics are permitted in conjunction with hospitals, but not when operated separate therefrom. The permitting of clinics in connection with hospitals seems reasonable, since the treatment of out-patients by physio-therapy and the like by an attached clinic is a more natural function of a hospital than of a doctor's private office.

Finally, defendants object to the allowance of a $200 fee to plaintiffs' attorney under section 73—9 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1957, chap. 24, par. 73—9) without proof as to the reasonableness thereof. The order entering judgment on the pleadings noted the motion (presumably oral) for the allowance of a reasonable attorney's fee and defendants' objection thereto, and the court fixed a fee of $200 therein. No objection was thereafter made to the amount so fixed and allowed.

The rule announced in *Sanitary District* v. *Curran,* 132 Ill. App. 241, and *Adams* v. *Silfen,* 342 Ill. App. 415, under similar statutes, is that the reasonableness of fees is a matter of proof with opportunity of cross-examination. We are in accord with that rule but do not believe it should be invoked here. Objection was made only to the allowance, despite the provision in the statute therefor which was held valid in *Pasfield* v. *Donovan,* 7 Ill.2d 563, but no objection was made to the amount when fixed.

To prevent the slowing of court processes we are of the opinion that an objection to the amount of an attorney's fee should be made in the trial court rather than raised here for the first time. Thus, a party who fails to object below

is not entitled to the benefit of the rule that proof of the reasonableness of the fee must be made, and he is bound by the trial court's judgment. In any event, the reasonableness of the fee is so readily apparent that it would be a useless act for us to remand to take evidence on the question.

We find no error in the decree of the circuit court of Champaign County and it is, accordingly, affirmed.

*Decree affirmed.*