Elmer Clavey, Inc., a Corporation, Plaintiff-Appellee, v. City of Highland Park, a Municipal Corporation, Defendant-Appellant.

Gen. No. 65–149.

Second District.

October 18, 1966.

Thomas H. Compere, Corporation Counsel, of Highland Park, and Stanley Grosshandler, of Waukegan, for appellant.

Russell L. Engber, of Highland Park, for appellee.

MR. JUSTICE RATHJE delivered the opinion of the court.

The defendant, City of Highland Park, appeals to this court from a declaratory judgment in favor of the plaintiff, Elmer Clavey, Inc., rendered by the Circuit Court of the Nineteenth Judicial Circuit, Lake County. The trial court found that the zoning ordinance of the defendant was arbitrary, capricious and unreasonable and void insofar as it applied to the subject property; that the highest and best use of a portion of plaintiff's property would be for a gasoline service station; ordered defendant to permit such use of said parcel of land; ordered that the remainder of the property be zoned "C" 12,000 square feet single-family residential use; and ordered that the appropriate use and building permits be issued and delivered to the plaintiff.

The subject property is a triangular parcel of unimproved land containing 1.572 acres, located on the southeast corner of Clavey Road and Edens Expressway, in Highland Park, having a frontage of 525.8 feet on Edens Expressway and 349.7 feet on Clavey Road. It is presently zoned "B-1" 20,000 square feet single-family residential under the zoning ordinance of Highland Park.

Immediately across Clavey Road, to the north of the subject property, is a subdivision known as Clavey Acres containing 39 homes and zoned "B-1" under the defendant's zoning ordinance. The homes range in value from

$40,000 to $100,000, and most of the homes were built after the construction of Edens Expressway. The only entrance into this subdivision is Clavey Lane, which is immediately across the street from the proposed location of the gasoline service station on the subject premises.

The Seven Pines subdivision, containing 60 lots, lies immediately east of the subject property and is zoned "B–1". This subdivision was developed within the last five years and contains homes ranging in value from $48,000 to $70,000, several of which have swimming pools; one immediately adjacent to and two at the southeastern tip of the subject property.

The west line of the subject property is adjacent to the easterly line of Edens Expressway, the right-of-way of which is three hundred feet in width and the easterly portion of this right-of-way contains an exit ramp by which northbound vehicles on Edens Expressway may turn onto Clavey Road. Edens Expressway merges with Skokie Highway just north of Clavey Road. South of Clavey Road, between these two highways, is a large triangular piece of property which has a Pancake House located on its southern tip and adjacent to the subject property. The remainder of this triangular tract is wooded and not feasible for development.

Across Skokie Highway, to the west, the property on both sides of Clavey Road is zoned "I" industrial, which is the most intensive zoning classification under the defendant's zoning ordinance. Progressing north from Clavey Road, on the west side of Skokie Highway, are located an automobile sales and service center, a Howard Johnson restaurant, a gasoline service station and several billboards. On the southwest corner of Skokie Highway and Clavey Road is located an antique furniture sales and showroom. To the west of these commercial uses lies the Chicago and Northwestern Railroad right-of-way. These commercial uses are between four hundred and five hun-

dred feet away; being separated by the intervening right-of-ways of Edens Expressway and Skokie Highway and the triangular strip noted above.

 Zoning classifications are a legislative function of the municipality and are presumed valid. Lapkus Builders, Inc. v. Chicago, 30 Ill2d 304, 309, 196 NE2d 682 (1964). It is the burden of the plaintiff to show by clear and convincing evidence that, as applied to him, the ordinance is unreasonable and without substantial relation to the public health, morals, safety and welfare. Bennett v. City of Chicago, 24 Ill2d 270, 273, 181 NE2d 96 (1962). Where there is room for difference of opinion as to the reasonableness of the zoning classification, the legislative judgment must be conclusive. Urann v. Village of Hinsdale, 30 Ill2d 170, 175, 196 NE2d 643 (1964).

██ ██ Although each case must be decided upon its own particular facts, (Krom v. City of Elmhurst, 8 Ill2d 104, 107, 133 NE2d 1 (1956)), the courts of this state have stressed certain factors by which the reasonableness of a zoning classification can be judged in regards to a particular parcel of land. These factors include: 1) The existing uses and zoning of surrounding property; 2) the extent to which property values are diminished by the particular zoning restrictions; 3) the extent to which the destruction of the property values of the plaintiff promotes the health, safety, morals or general welfare of the public; 4) the relative gain to the public as compared to the hardship imposed upon the individual property owner; 5) the suitability of the subject property for the zoned purposes; and 6) the length of time the property has been vacant as zoned, considered in the context of the land development in the area and vicinity of the subject property. LaSalle Nat. Bank v. County of Cook, 12 Ill2d 40, 46, 47, 145 NE2d 65 (1957).

One of the factors to be considered in a zoning case is the existing use and zoning of nearby property. In Gregory v. City of Wheaton, 23 Ill2d 402, 178 NE2d 358

(1961), the Supreme Court stated at page 406: "In determining the validity of a given zoning ordinance this court considers of paramount importance the question of whether the subject property is zoned in conformity with the surrounding existing uses and whether those are uniform and established." The existing use on the east side of Edens Expressway on both sides of Clavey Road is exclusively single-family dwellings and conforms to the existing zoning classification of the subject property. The suitability of this zoning classification is attested by the fact that eleven of the homes in Clavey Acres Subdivision abut the right-of-way of Skokie Highway north of Clavey Road, and several homes in the Seven Pines Subdivision abut Edens Expressway south of Clavey Road. Most of these homes, in both subdivisions, were built after the construction of Edens Expressway, and several of the homes in Seven Pines Subdivision have swimming pools. The subject property abuts the Seven Pines Subdivision and partakes of the character of this residential area, of which it is an integral part. The subject property is orientated to the residential area on the east side of Edens Expressway and not to the commercial area located over four hundred feet away on the west side of Skokie Highway.

All the evidence established that the subject property could be subdivided into three lots under the existing zoning classification, with an egress and ingress road onto Clavey Road. The evidence for the plaintiff was that, under the existing zoning ordinance, the subject property would have a fair cash market value of approximately $15,000, and $100,000 if zoned for commercial uses. The evidence for the defendant was that, under the existing zoning ordinance, the subject property would have a fair cash market value of $30,000.

No opinion was given by the witnesses for the plaintiff as to the depreciation of the surrounding property, if a portion of the subject property was used for a gasoline

service station. One real estate broker for the defendant stated that, in his opinion, if a portion of the subject property was used for a gasoline service station, the depreciation on the properties immediately abutting the subject property would be as high as 35% of the present value, and 20 to 25% of the properties immediately across Clavey Road to the north of the subject property; and a certain smaller depreciation on the properties farther away from these properties. No finding was made by the trial court as to the deleterious effect on the surrounding properties if the subject property was rezoned for a gasoline service station.

█ From the facts, it is clear that the subject property would be worth more if a greater intensity classification were permitted. However, such fact alone is not sufficient to invalidate an existing zoning ordinance. LaSalle Nat. Bank v. City of Chicago, 27 Ill2d 278, 281, 189 NE2d 273 (1963); Cosmopolitan Nat. Bank v. Mt. Prospect, 22 Ill2d 463, 470, 177 NE2d 365 (1961).

A witness for the plaintiff testified that the only access to the proposed gasoline service station to be located on the subject property would be from Clavey Road, due to state law prohibiting access routes off of the exit ramp. This access to the proposed gasoline service station would be directly across the street from the only access to Clavey Road for 39 homes in Clavey Acres Subdivision. The chief of police of Highland Park testified that the intersection of Clavey Road and Edens Expressway is one of the worst intersections in Highland Park from the standpoint of accidents.

█ The fixing of zoning lines is a matter of legislative discretion and necessarily results in a different classification on either side of a boundary line. The fact that there is a strip of commercially zoned property on the west side of Skokie Highway, across from the subject property, does not overcome the presumption that the ordinance, as a legislative enactment, is reasonably re-

lated to the health, morals, safety and welfare of the community, since zoning districts, by their nature, must begin and end somewhere, and the presence of less restricted areas across the street does not make the restrictions in question unreasonable. Mundelein Estates v. Village of Mundelein, 409 Ill 291, 294, 99 NE2d 144 (1951).

■ The subject property is orientated to the residential area on the east side of Edens Expressway. The residential character is not changed by the zoning classification and use of land across Edens Expressway and Skokie Highway, thoroughfares having right-of-ways of 300 and 100 feet wide respectively. The two subdivisions heretofore mentioned are closer to the commercial uses than the subject property. The fact that the subject property is on a major thoroughfare does not of itself impel a change in zoning classification. As was said by the Supreme Court in Cosmopolitan Nat. Bank v. Mt. Prospect, supra, page 469, "In many cases this court has held that the fact that the property is located upon a main traffic artery does not invalidate a zoning ordinance which restricts its use to residential purposes."

■ Upon an examination of the evidence, including the exhibits, it is the opinion of this court that the trial court erred in finding the defendant's ordinance unreasonable and void as applied to the subject property.

The decree of the Circuit Court of Lake County is reversed.

Decree reversed.

ABRAHAMSON and DAVIS, JJ., concur.