**The County of Winnebago, a Body Politic and Corporate, Plaintiff-Appellant, v. Garmer D. Hartman, et al., Defendants-Appellees.**

Gen. No. 68–55.

Second District.

December 27, 1968.

William R. Nash, State's Attorney of Winnebago County, of Rockford (Alfred W. Cowan, Jr., Assistant State's Attorney, of counsel), for appellant.

Foster A. Smith and David F. Smith, of Loves Park, for appellees.

MR. JUSTICE MORAN delivered the opinion of the court.

This is an appeal by the plaintiff, County of Winnebago, from the trial court's refusal to issue an injunction against the defendants, Garmer Hartman and Grace E. Hartman, his wife and Clarence R. Walter and Mary A. Walter, his wife.

There is no dispute as to the facts. The difficulty arises from an interpretation of the facts, or more concisely, when does a mobile trailer cease to be a trailer and become a one-family dwelling?

The proofs disclose that the Hartmans owned approximately two acres of land, zoned agricultural, within the County of Winnebago. Under this type of zoning, one-family dwellings are permitted. The Hartmans sold part of this land, approximately ½ acre, to the Walters. The Walters are the parents of Mrs. Grace Hartman. Thereafter, in July of 1967, the Hartmans constructed a base and foundation for the placement of their future home. The construction consisted of 10 piers, two feet square, being set four feet deep into the ground over which they poured a solid cement slab with tie bolts protruding. On top of this there was placed a foundation of cement block and mortar. No building permit was obtained from the plaintiff. At about the same time, the

plaintiff's health department issued permits to them to construct a septic system for sanitary purposes and for the digging of a well. On August 9, 1967, the Hartmans had moved a mobile home onto the premises which, after removing the wheels and hitch, was placed on the foundation and bolted down by means of the tie rods. Thereafter, a permanent connection to the septic system, water system and underground electrical system was made.

With the exception of having his cement blocks mortared and the tie rods bolted down, the Walters' construction was the same as the Hartmans'. However, his mobile home was not placed upon the construction until the early part of October, 1967. Defendant Walter testified that because of family illness in Pennsylvania he was unable to complete his home.

In addition to these two homes, there was a two wheel trailer-camper on the premises of Hartman. It was still on wheels and the testimony was that it was used on weekends for recreational purposes or taken with them on vacation. There was no evidence that it was used or outfitted for permanent habitation.

The evidence discloses further that the defendants made several trips to the zoning office of the plaintiff to secure building permits but did not meet with success. Instead they were informed that such permits would not be issued for trailers.

On August 10, 1967, the defendant amended its zoning ordinance which, for the purpose of this opinion, forbade trailers on the premises of the defendants. It will be noted that the Hartmans moved into their home the day previous to the adoption of this ordinance.

The plaintiff brought this action for an injunction seeking the removal of all of the trailers on the grounds that the premises were not zoned for that purpose. The trial court declined to issue the injunction and the plaintiff

brings the case to this Court alleging that the trailers violate the zoning ordinance of the plaintiff and must be removed.

The zoning ordinance defines a dwelling as "A building designed, constructed or intended for use for human habitation, complying with the requirements of Sections 6–7 through 6–42 of the Winnebago County Building Ordinance." The same ordinance defines a trailer as "A vehicle or similar portable structure designed, constructed or intended for use for human habitation and having no foundation other than wheels, blocks, skids, jacks or skirtings." (Winnebago County Zoning Ordinance 1967, Ch 16, Sec 10.)

Under the definition that the plaintiff itself has prescribed, the camper-trailer was not in violation of the ordinance. It was simply stored on the property and was not used nor intended to be used on that property for habitation.

From the authorities cited to us by the plaintiff, it is clear that a county has the power to define and regulate trailers, but the plaintiff has not done so in a manner which would prohibit the "trailers" involved in this case. In the case of Rezler v. Village of Riverside, 28 Ill2d 142, 146–148, 190 NE2d 706 (1963), the Supreme Court pointed out that the Trailer Coach Park Act (Ill Rev Stats 1967, c 111½, § 185) does not supersede the power of the County to regulate trailers and it is clear that the County has that power and may exercise it in various ways. This was also pointed out by us in the case of County of Will v. Stanfill, 7 Ill App2d 52, 62, 129 NE2d 46 (1955), where we held that under the provisions of the zoning ordinance of Will County the inhabitants of trailer homes had to comply with the requirements of the residential district since their dwellings were erected within the meaning of the Will County ordinance, which defined "erected" as "set up, raised,

built or moved into place." It, therefore, appears that the only requirement for reaching a conclusion in the instant case is to simply apply the zoning ordinance given us by the plaintiff.

The trial judge specifically found that the Hartman trailer had been moved onto the premises prior to the enactment of the ordinance. The record indicates that the Hartman trailer was moved onto the premises on August 9, 1967 and the hitch and wheels immediately removed. Hartman testified that when he ordered his home from the factory he did so with the understanding that he did not want the wheels or hitch; that they belonged to the company and were used only to transport the home to his premises. The zoning ordinance of Winnebago County was not amended until August 10, 1967. It, therefore, appears that the Hartman trailer, if it can be considered as such, constitutes a nonconforming use.

■ The Walters' dwelling is exactly like that of Hartman with the exceptions already noted. It is certainly not a "vehicle or similar portable structure," which it must be within the terms of the plaintiff's zoning ordinance in order to be considered a trailer. The plaintiff draws our attention to the provisions of its trailer park ordinance which prohibits the parking of any trailer coach outside an authorized and licensed trailer park. But that ordinance would only apply if the structures in question are "trailers." To be a trailer under the definition given us by the authorities in Winnebago County, the structure must be a "vehicle or similar portable structure."

The plaintiff finally alleges that there is no proof that the various defendants have building permits or that they have complied with the County Building Code.

The only proof in that regard is that the County Health Department has issued the appropriate permits and that the defendants have applied for building permits but have

been refused on the grounds that you could not locate "trailers" on the premises in question. The plaintiff cannot refuse permits on the one hand and then argue that the same person has violated the law because he does not have a permit, and as we have seen since the defendants' structures were not "trailers" within the meaning of the County zoning ordinance, then permits should have been granted, assuming there was compliance with the Building Code.

The trial judge presumed that the defendants had complied with the County Building Code because there was no evidence offered by plaintiff to the contrary. If the defendants had failed to comply as the plaintiff alleges, then that proof should have been forthcoming. In the absence of such evidence the trial judge could not conclude and we cannot conclude that there was a failure to comply.

Furthermore, the plaintiff's complaint set out alternative pleadings claiming that both its Trailer Park Ordinance and its Building Ordinance were violated, still its prayer for injunction was based upon a violation of its Zoning Ordinance. This is also affirmatively stated in its brief when it describes the nature of the case to this Court.

We are not to be understood as holding that trailers or mobile homes can be converted into structures simply by removing the wheels and the hitch and attaching them to permanent foundations. Our decision is specifically limited to the facts of this case as applied to the local zoning ordinance and under these facts the trial judge was correct in refusing to issue an injunction and his decision is affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.