(Nos. 42397, 42398 cons.—

THE CITY OF SPARTA, Appellee, *vs.* EVERETT BRENNING, Appellant.—SAME Appellee *vs.* RONALD HOUSE, Appellant.

*Opinion filed May 20, 1970.*

Bock & Stenger, of Belleville, (Ralph T. Stenger, of counsel) for appellants.

D. McMeekin Conn, of Sparta, for appellee.

Mr. Justice Schaefer delivered the opinion of the court:

The defendants, Ronald House and Everett Brenning, were charged in separate complaints with violating General Ordinance No. 164 of the City of Sparta which makes it unlawful to maintain a trailer for residence purposes on any plot of ground within the City, except in a licensed trailer coach park. The cases were consolidated for trial, and the circuit court of Randolph County, sitting without a jury, found the defendants guilty of violating the ordinance. Fines were assessed against each of them in the amount of $25. The defendants have appealed directly to this court because constitutional questions are involved.

General Ordinance No. 164 of the City of Sparta, adopted in June of 1967, provides in pertinent part as follows:

"*Section 1.* Trailer Location: It shall be unlawful for any person to maintain any trailer used for human habitation upon any plot of ground in the city or within its jurisdictional limits, except in a licensed trailer coach park. * * *

"Provided, further, any trailer situated within the city or within its jurisdictional limits but not in a trailer park upon the effective date of this Ordinance

shall, if in conformity with all sewer, water, sanitation and health Ordinances of the city be permitted to remain at its present location, but may not be replaced by another trailer or removed to another location except in conformity with the provisions of this Ordinance. Trailers so situated and not in conformity with all sewer, water, sanitation, and health Ordinances shall be brought into compliance with said Ordinances on or before January 1, 1968, or removed to a trailer coach park.

"*Section 2.* Trailer Occupancy: Except as otherwise provided herein, it shall be unlawful to occupy for sleeping or other residential purposes, any trailer not located in a trailer coach park."

The ordinance provides that a fine of not less than $5 nor more than $200 may be imposed for each violation, and a separate offense is committed on each day during which a violation occurs.

The facts are undisputed. The defendant Brenning testified that he had owned the property at 716 North Vine Street in the City of Sparta for approximately ten years and that he had spent over $500 in 1960 improving the property for trailer use. For a long period prior to the passage of General Ordinance No. 164 in June of 1967, Brenning had been in the practice of renting his property to successive tenants, each of whom parked his own trailer on the land and lived in it. The last of this succession of tenants removed his trailer from the property on November 21, 1968, and Brenning thereupon purchased a new mobile home, or trailer, of his own for $4000. It was his intention to place the trailer on his lot and use the income he received from renting it to pay back the money he had borrowed to pay for it. He moved his new trailer onto his lot in the latter part of November or early December, 1968, and rented the trailer and lot to a tenant for $95 per month. The trailer complied with all municipal sewer, water, sanitation, and health ordinances.

The defendant House testified that in the early part of November, 1968, he bought a trailer in which he proposed to live. He contacted four proprietors of mobile home parks within the City of Sparta but found that there was no space available for rent. He also attempted without success to find a suitable lot outside the corporate limits of the city. He then entered into an agreement to purchase the property owned by Richard Florreich, located at 503 South Walnut Street in Sparta. Florreich testified that he had lived in a trailer on this lot from February of 1965 until the end of July, 1968, after which his trailer remained vacant. After he had entered into a written contract for the sale of the lot to House, Florreich removed his trailer from the premises on November 14, 1968. House moved his newly purchased trailer onto the lot the following day. As of the time of the trial, Florreich still had not transferred title to the property to House. There is no evidence that the trailer failed to comply with any municipal ordinances, other than Ordinance No. 164.

It is the defendants' principal contention that the power to limit mobile homes to licensed trailer coach parks has not been delegated, expressly or impliedly, to municipalities by the General Assembly. They also argue that Ordinance No. 164, as applied in this case, amounts to a deprivation of property without due process of law in violation of section 2 of article II of the constitution of Illinois and the fourteenth amendment to the constitution of the United States, and that it denies them equal protection of the law. And they contend that the ordinance was enforced retroactively to deny them a use of property that had been established prior to the enactment of the ordinance.

For its authority to enact the ordinance, the City relies upon powers said to be derived from the Trailer Coach Park Act (Ill. Rev. Stat. 1967, ch. 111½, par. 158 *et seq.*), and from section 11—42—8 of the Illinois Municipal Code (Ill. Rev. Stat. 1967, ch. 24, par. 11—42—8). It is not

suggested that the enactment of Ordinance No. 164 was an exercise of the City's zoning power, for the City has not adopted a comprehensive zoning ordinance.

The Trailer Coach Park Act provides for the licensing of trailer parks by the State through the Department of Public Health and was intended to fill the breach where no municipal regulation applies. (See *Rezler* v. *Village of Riverside,* 28 Ill.2d 142, 146-47.) It defines a "trailer coach park" as an "area of land upon which two or more occupied trailer coaches are harbored * * *." (Ill. Rev. Stat. 1967, ch. 111½, par. 162.) Neither of the properties here involved falls within this definition. And neither expressly nor by implication does the Act confer upon municipalities the authority to limit the location of trailers.

Section 11—42—8 of the Illinois Municipal Code expressly confers upon municipalities the power to "locate and regulate the use and construction of * * * camps accommodating persons in house trailers, house cars, cabins or tents, * * *." (Ill. Rev. Stat. 1967, ch. 24, par. 11—42—8.) We agree with the defendants that the statutory power thus granted to locate and regulate is limited to trailer camps and may not be extended by implication to an individual trailer located on a private plot of land.

The City suggests that because of the unique problems of health and safety presented by trailers, or mobile homes, to which we alluded in *Rezler* v. *Village of Riverside,* 28 Ill.2d 142, (see Hodes and Roberson, The Law of Mobile Homes (1964), 2d ed. 9-11), municipal authority to prohibit their use, except in trailer camps or parks, should be implied from other powers conferred upon cities: for example, the power to "do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of diseases, including the regulation of plumbing and the fixtures, materials, design and installation methods of plumbing systems * * *" and the power to "prevent the dangerous construction, installa-

tion and condition of chimneys, fireplaces, hearths, stoves, furnaces, pipes, ovens, boilers, fuel conduits, electric wiring and any other fire or heating apparatus used in and about any building, structure or camp accommodating persons in house trailers, * * *." Ill. Rev. Stat. 1967, ch. 24, pars. 11—20—5 and 11—8—2.

The power which the City has sought to exercise in this case, however, is not the admitted power to enact reasonable regulations governing trailers or mobile homes, as well as other structures used for human habitation, in any of the respects suggested by these grants of power. Rather the power sought to be exercised in this case is the power to prohibit absolutely the use of a single trailer for residence purposes upon any parcel of land within the city. No such authority has been granted to the City by the General Assembly. (See Hodes and Roberson, The Law of Mobile Homes (1964), 2d ed., 54 n. 3.) Moreover, it is not suggested in the present case that any ordinance of the City other than the challenged Ordinance No. 164 has been violated. The City has no zoning ordinance and it is not suggested that the trailers here involved fail to comply with any health or sanitation ordinances of the City or with any ordinances which regulate lot area, minimum floor area, building materials, setback lines, or which require frontage consents. If the City has enacted any such ordinances, they have not been relied upon in this case.

Since the authority sought to be exercised by the municipality has not been conferred upon it by the General Assembly, we find it unnecessary to consider the constitutional objections raised by the defendants.

*Judgments reversed.*