THE VILLAGE OF CAHOKIA, Plaintiff-Appellant, *v.* CARL WRIGHT *et al.,* Defendants-Appellees.

(No. 72-160;

Fifth District—April 9, 1973.

*Rehearing denied May 9, 1973.*

John R. Sprague, Jr., of Sprague, Sprague & Ysursa, of Belleville, for appellant.

David H. Goldenhersh, of Goldenhersh & Goldenhersh, of East St. Louis, for appellees.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the plaintiff, Village of Cahokia, from the order of the Circuit Court of St. Clair County, dismissing charges of ordinance violation against the defendants. The defendants' separate causes were consolidated and their motions to dismiss were sustained by the trial court.

There is no dispute as to the facts. Ordinance No. 418, Section 1, amending Part III, Section 3, Paragraph 5, of Ordinance No. 393, entitled "Zoning Ordinance for the Village of Cahokia", provides:

"Except as provided in the following, no person shall be permitted

to park or occupy any trailer on any premises in any district outside of an approved trailer park. Emergency or temporary stopping of a trailer shall be allowed on any street, alley, or highway for not longer than two hours subject to any prohibitions, regulations or limitations imposed by the traffic regulations or laws for such street, alley, or highway. Nowhere in the Village of Cahokia, Illinois, shall the wheels of any trailer be permitted to be removed except for repair, nor shall any trailer be permitted to be otherwise permanently fixed to the ground in a manner that would prevent its removal."

The ordinance provides that a fine of up to $200 or imprisonment not to exceed six months or both may be imposed for each violation, and a separate offense is committed on each day during which a violation occurs.

The trailers, owned by the defendants, were placed upon their lots which they owned personally and which were located in an area zoned R-1, *viz.* single family residences. They were subsequently charged with violating that portion of the zoning ordinance which prohibited persons from parking or occupying any trailer "on any premises in any district outside of an approved trailer park".

The trial court ruled that the ordinance as written and being applied to the defendants was a violation of their constitutional rights and granted their motions to dismiss.

The defendants argue that the ordinance, as applied to them, is a denial of due process and equal protection of the law because the plaintiff does not have the authority to prohibit mobile home owners from using their trailers as residences on their own property. Defendants maintain that the exclusion of individual trailers within the entire village, except in approved trailer parks, is unreasonable as applied to them as mobile home owners.

Defendants allege that Ill. Rev. Stat. 1971, ch. 111½, par. 159, clearly indicates that the legislature recognized that individual trailers have the capability of being transportable as mobile home or statutory permanent homes. That section defines a mobile home and provides in pertinent part that "any such structure resting in whole on a permanent foundation with wheels, tongue and hitch permanently removed, shall not be construed as a 'Trailer Coach' or 'Mobile home'." It is urged by defendants that Ordinance No. 418 which prohibits the property owner from removing the wheels and tongue from a trailer and affixing said trailer to a permanent foundation is an attempt by the Village of Cahokia to circumvent this legislative intent with respect to these structures.

Defendants cite *Rezler v. Village of Riverside* (1963), 28 Ill.2d 142, 190

N.E.2d 706, as authority for their argument. That case involved an action to restrain enforcement of a village licensing ordinance for the operation of a trailer park. Plaintiff argued that the ordinance regulating trailer camps was unreasonable because it limited the length of stay in a trailer camp and prohibited the removal of wheels. The ordinance in question treated the removal of the wheels or permanent attachment of the trailer to the ground as a conversion of the trailer into an ordinary residence building, which had to comply with the applicable building and zoning codes.

The Court in *Rezler* found that the purpose of the ordinance was to prevent permanent occupation of dwelling places which do not conform to the requirements of the building codes. It also found that the State statute (section 159) demonstrated a similar purpose to guard against the use of trailers as permanent dwelling places. The Court then added, at 710-11: "[S]uch an approach to the treatment of trailers has been accepted as reasonable and valid * * *. The responsibility of the municipality is inevitably enlarged as the period of occupancy lengthens. As the occupants approach the status of village residents, their health, education and welfare increasingly become village concerns." Consequently, while the court in *Rezler* recognized the municipality's right to classify trailers with other habitations serving the same function, it also recognized and gave support to the regulatory ordinance prohibiting the removal of wheels from a trailer. As a result, the Court upheld the regulatory ordinance and held that the village could properly refuse to issue plaintiff a license for the future. Nowhere in that decision was it expressed or implied that a municipality is prohibited from enacting the type of ordinance involved in this case. Rather, the Court heralded the ordinance as a valid attempt by a municipality to prevent a trailer from becoming a permanent residence in violation of the then prevailing building and zoning codes.

Defendants also cite, and the lower court relied upon, *City of Sparta v. Brenning* (1971), 45 Ill.2d 359, 259 N.E.2d 30, in which case the defendants' principal contention was that the power to limit mobile homes to licensed trailer parks had never been delegated, expressly or implicitly, to municipalities by the General Assembly. They argued that the city ordinance which prohibited them from using their trailers as residences on private plots of land outside of approved trailer parks was a deprivation of property without due process and that it denied them equal protection of the law. Our Supreme Court held that, since the City had not adopted a comprehensive zoning ordinance, the ordinance was not an exercise of the City's zoning power and therefore the City was without authority to enact such an ordinance. The constitutional objections raised

by the defendants were not considered by the Court because it found that the authority sought to be exercised by the municipality had not been conferred upon it by the General Assembly. Thus, this case is easily distinguishable from ours in that here the plaintiff enacted the subject ordinance pursuant to a comprehensive zoning plan, while in the *City of Sparta v. Brenning, supra,* the City attempted to exercise its authority to zone without having adopted a comprehensive zoning ordinance.

The lower court also relied upon *City of Belleville v. Leonard* (1969), 108 Ill.App.2d 26, 246 N.E.2d 464, as support for its conclusion. In that case, the issue was whether defendants' trailer constituted a legal non-conforming use before the applicable zoning restriction became effective. The court held it did since the record revealed that the defendant had expended considerable time, energy and money readying his property with the expressed intent to place a trailer on a part of it. Since the ordinance in question authorized the continuation of non-conforming uses, that decision, therefore, was concerned only with determining whether defendant's trailer qualified as a non-conforming use and not upon whether the city had the right in the first place to enact such a zoning regulation.

It is apparent that the cases cited by the defendant and relied upon by the court below do not clearly resolve the question whether the zoning ordinance, as applied to the defendants, constitutes a violation of due process and equal protection of the law. To answer this question, it is necessary to determine the nature and character of the zoning authority delegated to municipalities and further consider the reasonableness of zoning classifications.

 Section 11—13—1, chapter 24 of Illinois Revised Statutes (1971), authorizes municipalities to formulate comprehensive zoning and use plans which impose restrictions upon private property. These zoning ordinances are based upon the police power of the state to enact laws for the safety, health, morals and general welfare of the people. (*Avenue State Bank v. Village of Oak Park* (1968), 99 Ill.App.2d 329, 241 N.E.2d 630.) Thus a municipal corporation has the right to determine whether conditions or the public interests demand an exercise of the power to pass a zoning ordinance and to select the measures that are necessary for that purpose. (8 *McQuilian,* Mun. Cor. (3rd Ed. 1968), Section 25.63.) However the municipal corporation cannot exercise its power to enact zoning measures in an unreasonable, oppressive, arbitrary or discriminatory manner. To do so, of course, would be a violation of due process and equal protection of the law. But the presumption is that reasonable zoning, especially where it is comprehensive, is constitutional and valid as a proper exercise of police power.

■■ It further is clear that another function of the municipal legislative body is to classify uses to which realty may be put, and there appears to be no constitutional limitation on a municipality's power to exclude uses throughout an entire district area except that the exclusion must bear a substantial relationship to the preservation of public health, safety, morals or general welfare. (*High Meadows Park, Inc. v. City of Aurora* (1969), 112 Ill.App.2d 220, 250 N.E.2d 517.) In *County of Winnebago v. Hartman* (1968), 104 Ill.App.2d 119, 242 N.E.2d 916, a case involving a county zoning ordinance prohibiting trailers in certain areas, the court said that while the county does have the power to define and regulate trailers, it had not done so in a manner which would prohibit the trailers involved. In the case of *Rezler v. Village of Riverside* (1963), 28 Ill.2d 142, 146-148, 190 N.E.2d 706, the Supreme Court pointed out that the Trailer Coach Park Act (Ill. Rev. Stat. 1953, ch. 111½, par. 168) did not supersede the power of the county to regulate trailers and it is clear that the county has that power and may exercise it in various ways. (See Ill. Rev. Stat. 1971, ch. 111½, par. 168.) Thus the municipality in the instant case concededly has the authority to regulate the use of trailers through its zoning powers. See also *Town of Cicero v. Weilander* (1962), 35 Ill. App.2d 456, 183 N.E.2d 40.

■■ The further question is whether the zoning ordinance, which as construed, prohibits the use of trailers throughout the Village of Cahokia, except in authorized trailer parks, bears a reasonable relationship to the purposes which zoning is intended to promote. A municipality may reasonably consider that this type of dwelling unit, whether found on wheels or permanently fixed to the ground, "is detrimental to the values of adjacent conventional single family houses" (*Town of Manchester v. Phillips* (1962), 343 Mass. 591, 180 N.E.2d 333, 336), "stifles development of the area for residential purposes" (*Napierkowski v. Township of Gloucester* (1959), 29 N.J. 481, 493-494, 150 A.2d 481, 487), or "involves potential hazards to public health". (*State v. Murray* (1971 Mo.), 471 S.W.2d 460, 462.) This last statement was expounded upon in *Napierkowski v. Township of Gloucester, supra,* at 489 where the court said:

> "In our view, prohibition of trailers as residences at other than duly licensed trailer parks or camps is a reasonable exercise of the police power, designed to promote the general health, safety and welfare of the municipality of assuring that adequate provisions are made for drainage, sewage facilities, water and lighting of trailers and operators to centralize and facilitate enforcement of the aforesaid requirements."

■■ Furthermore, in determining whether a zoning classification

violates the equal protection clause, it is fundamental that "there be a reasonable basis for distinguishing the class to which the law is applicable from the class to which it is not". (*People ex rel. County of Du Page v. Smith* (1961), 21 Ill.2d 572, 578, 173 N.E.2d 485, 489.) Likewise, "[N]either the constitutional requirement of equal protection, nor that of due process, proscribes a classification among groups differently situated, so long as a reasonable basis for the distinction exists or may reasonably be conceived to justify it." (*People v. Wilson* (1972), 4 Ill.App.3d 766, 771, 281 N.E.2d 740, 744.) If any state of facts may reasonably be conceived which would justify the classification, it must be upheld. (*People v. McCabe* (1971), 49 Ill.2d 388, 275 N.E.2d 407.) A classification must not be arbitrary. It must be based on a rational difference of condition or situation existing in the persons or objects upon which the classification rests. (*Begich v. Industrial Com.* (1969), 42 Ill.2d 32, 245 N.E.2d 457.) Thus, a zoning classification depends not on whether the parties affected have been unreasonably distinguished, but on whether there is a reasonable basis for the classification made by the statute. (*People ex rel. Rusch v. Ladwig* (1937), 365 Ill. 574, 7 N.E.2d 313.) It is invidious discrimination and not simply inequality which the equal protection clause protects against. *Thillens, Inc. v. Morey* (1957), 11 Ill.2d 579, 144 N.E.2d 735.

■■■ The rule that the burden of proof is on one asserting the unconstitutionality of an ordinance is applicable with respect to zoning ordinances. This is because of the presumption of validity that a zoning ordinance is valid and therefore the party challenging the classification has the burden of showing its invalidity. (*People v. McCabe* (1971), 49 Ill.2d 338, 275 N.E.2d 407.) The proof must do more than raise a suspicion of doubt as to the validity of a classification. It must make the invalidity clear beyond dispute. (*Westfield v. City of Chicago* (1963), 26 Ill.2d 526, 187 N.E.2d 208.) Zoning classifications are a legislative function of the municipality and are presumed to be valid. (*Elmer Clavey, Inc. v. City of Highland Park* (1966), 75 Ill.App.2d 464, 220 N.E.2d 93.) And the presumption of validity of a zoning ordinance may be overcome only by clear and convincing evidence, and this burden is on the party attacking the ordinance. (*Reskin v. City of Northlake* (1965), 55 Ill.App.2d 184, 204 N.E.2d 600.) Where there are no questions of fact, the ordinance must appear to be arbitrary, unreasonable and confiscatory on its face before the court is justified in striking it down. *City of Champaign v. Roseman* (1959), 15 Ill.2d 363, 155 N.E.2d 34.

In the present case, the ordinance of the Village of Cahokia is presumed to be valid. Even though the defendants had the burden of proving its invalidity by clear and convincing evidence, they failed to introduce any evidence to support their allegations. There is nothing in the

language of the ordinance itself which would support a decision that it was unreasonable, arbitrary or discriminatory.

In analyzing the evidence introduced in *Wright v. Michaud* (1964), 160 Me. 164, 200 A.2d 543, a case involving the constitutionality of a similar ordinance, the court observed, at 548:

> "The stipulation was short. It contained no information with reference to the nature or character of the community, or the zone districts, the trend of growth of the community, the areas of undeveloped property, or any other factual information."

The court concluded, at 550: "No evidence was presented, and we find nothing in the stipulation filed or in the ordinance itself which would give us reason to find that Section 1803, taken as a part of the entire ordinance, is unreasonable, arbitrary, or discriminatory."

■■ In applying this reasoning to the present case, we find that there was no evidence introduced to support the determination by the trial court that the ordinance was unreasonable, arbitrary, or discriminatory. Nor can we say on the record presented that the ordinance bears no reasonable relationship to the purposes to be accomplished by the comprehensive zoning plan.

For the foregoing reasons, the decision of the trial court is reversed, and this cause is remanded for action not inconsistent with this opinion.

Reversed and remanded.

JONES and CREBS, JJ., concur.