(No. 45940.—

THE PEOPLE OF THE VILLAGE OF CAHOKIA, Appellee, v. CARL WRIGHT *et al.*, Appellants.

*Opinion filed March 20, 1974.—Rehearing denied May 31, 1974.*

GOLDENHERSH, J., took no part.

David H. Goldenhersh, of Goldenhersh and Goldenhersh, of East St. Louis, for appellants.

Sprague, Sprague and Ysarsa, of Belleville, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

The defendants in these consolidated cases, Carl Wright and Joan Morris, were charged with violating a recent amendment to the zoning ordinance of the Village of Cahokia. The circuit court of St. Clair County dismissed

the charges, ruling that the amendment was unconstitutional. The appellate court reversed (11 Ill. App. 3d 124), and this court allowed the defendants' petition for leave to appeal.

The challenged amendment to the zoning ordinance reads as follows:

"5. Except as provided in the following, no person shall be permitted to park or occupy any trailer on any premises in any district outside of an approved trailer park. The parking of an occupied trailer in an accessory private garage or in a rear yard in any district shall be allowed provided no living quarters are maintained or any business conducted in such trailer while so parked or store [*sic*]. Emergency or temporary stopping of a trailer shall be allowed on any street, alley or highway for not longer than two hours subject to any other further prohibitions, regulations or limitations imposed by the traffic regulations or laws for such street, alley or highway. In any trailer park, the wheels of any trailer shall not be permitted to be removed except for repairs, nor shall any trailer be permitted to be otherwise permanently fixed to the ground in a manner than [*sic*] would prevent its removal."

The defendants have stipulated that their lots are located in an R—1 single-family residential zone and that the zoning ordinance prohibits the placement of trailers within an R—1 district. They further stipulated that they own trailers and that they placed them on the lots which they own in an R—1 district after the adoption of the amendment in question.

The defendants have argued that the ordinance as applied to them is unconstitutional in that the Village of Cahokia does not have the authority to prohibit the location of mobile homes in the Village except in approved trailer parks. Reliance is placed on the case of *City of Sparta v. Brenning* (1970), 45 Ill.2d 359, where this court ruled that the City of Sparta did not have the statutory authority to pass a similar ordinance prohibiting trailers except in licensed trailer-coach parks. However, it was

carefully pointed out in the *City of Sparta* case that the ordinance was not enacted pursuant to the city's zoning power because the city had no comprehensive zoning ordinance. In our case, however, the amendment was an amendment to the Village of Cahokia's comprehensive zoning ordinance and the question is thus presented in a different context; that is, may the Village of Cahokia validly prohibit trailers except in approved trailer courts pursuant to its power to zone?

The Village's authority to zone and to classify areas into various districts is contained in section 11—13—1 *et seq.* of the Illinois Municipal Code. The Village is granted the specific power "to prohibit uses, buildings, or structures incompatible with the character of such districts" (Ill. Rev. Stat. 1971, ch. 24, par. 11—13—1(7)). Unless a zoning provision is clearly arbitrary or unreasonable on its face (*City of Champaign v. Roseman* (1958), 15 Ill.2d 363), it is presumed valid (*Honeck v. County of Cook* (1957), 12 Ill.2d 257), "and the one assailing its validity has the burden of proof that the ordinance is invalid or arbitrary or unreasonable as to his property. [Citations.] The same principle applies to amendatory ordinances. [Citations.] Where there is room for a fair difference of opinion concerning the reasonableness of the classification, the legislative judgment of the city council must be conclusive. [Citations.] " (*La Salle National Bank v. City of Chicago* (1954), 4 Ill.2d 253, 256.) Furthermore, "To overcome the presumption of validity, it is encumbent upon the property owner to prove by clear and affirmative evidence that the restriction is arbitrary ***." *Reitman v. Village of River Forest* (1956), 9 Ill.2d 448, 452, 453.

Other jurisdictions that have considered the validity of zoning provisions limiting trailers to approved trailer parks have sustained them. See, *e.g., State v. Larson* (1972), 292 Minn. 350, 195 N.W.2d 180; *Wright v. Michaud* (1964), 160 Me. 164, 200 A.2d 543; *Napierkowski v. Township of Gloucester* (1959), 29 N.J. 481, 150 A.2d 481; *Davis v.*

*City of Mobile* (1943), 245 Ala. 80, 16 So. 2d 1; *contra,*
*City of Milford v. Schmidt* (1963), 175 Neb. 12, 120
N.W.2d 262; see also Annot., 96 A.L.R.2d 232 (1964).

"It is now well settled that within the
framework of the police power, the location or
use of mobile homes or mobile home parks may
be restricted to certain zones, districts or local-
ities and excluded from other zones, districts or
localities.

The police power, which is the basis for
proper zoning, is inherent in the state. It may be
and usually is delegated by the state to its
municipal corporations ***." Hodes and Rober-
son, The Law of Mobile Homes 133 (2d ed.
1964); see also Moore, The Mobile Home and the
Law, 6 Akron L. Rev. 1.

The Village of Cahokia, therefore, through the use of
its zoning power delegated to it by section 11—13—1 *et
seq.* of the Illinois Municipal Code, properly restricted the
location of trailers to approved trailer parks. Under the
ordinance a trailer park is not a permitted use in an area
zoned R—1 (one-family residence district). It is a permit-
ted use in areas zoned R—2 (multi-family residence
district); B—1 (neighborhood business district), and B—3
(community business district). The amendment to the
zoning ordinance is not therefore clearly arbitrary or
unreasonable on its face.

The defendants have been charged with permitting a
trailer to be parked on or to occupy the lots which they
own located outside of an approved trailer park. As
mentioned above the defendants have stipulated that their
lots are located in an area zoned R—1 and that the zoning
ordinance prohibits the placement of trailers in such a
district. The defendants are therefore charged with the
violation of only the first sentence of the questioned
amendment. No evidence was presented in the trial court.
The case was decided on the defendants' motions. They

have not sustained the burden of proving that the amended ordinance is arbitrary or unreasonable as applied to them. The presumption of the validity of this amendment will prevail and the judgment of the appellate court is affirmed and the cause is remanded to the circuit court of St. Clair County for further proceedings.

*Affirmed and remanded.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.