McHENRY STATE BANK, Trustee, Plaintiff-Appellant, *v.* THE CITY OF McHENRY, Defendant-Appellee.

Second District   No. 82—123

Opinion filed January 26, 1983.—Modified on denial of rehearing April 4, 1983.

Gerard C. Heldrich, Jr., of Chicago, for appellant.

Bernard V. Narusis, of Narusis and Narusis, of Cary, for appellee.

JUSTICE HOPF delivered the opinion of the court:

The plaintiff, McHenry State Bank, trustee under Trust No. 860, appealed from an order of the trial court dismissing its complaint for declaratory judgment. (Ill. Rev. Stat. 1981, ch. 110, par. 2—701.) This order was in accordance with a motion made by the defendant, city of McHenry (city), at the close of the plaintiff's case.

Peter Tutera is the beneficial owner of the property, the subject matter of Trust No. 860. The property was acquired in August of 1978. The property is improved with a 17-unit apartment building which Tutera intended to convert to condominiums. The defendant, city, has no condominium conversion ordinance, and no conversions have heretofore been attempted.

The surrounding area is improved with single-family homes, but two apartment buildings containing 17 and 24 units, respectively, are adjacent to the subject property and share a common water main with Tutera's property.

The city has a zoning ordinance and the property in question is in an area zoned for multiple-family dwellings and known as R-4. The ordinance for R-4 requires a minimum lot requirement of 2500 square feet per dwelling. The subject property constituted a nonconforming use by only having 1882 square feet per dwelling. According to the ordinance, condominiums were permitted only in districts zoned R-5 and R-5A, which had minimum square footage requirements of 4300 and 5500 square feet, respectively. Further R-5 and R-5A did not permit cumulative zoning.

When Tutera acquired the building he had notice of the current zoning restriction pertaining to R-4 multiple-family dwellings, and further that the city had no ordinance permitting condominium conversion. He notified the tenants of his intention to convert the 17-unit apartment building and a tenant in turn notified the city who in turn notified Tutera to cease.

Tutera and the bank sought rezoning and requested a variation in

the density restrictions. Both petitions were denied. The bank filed a complaint for declaratory relief (Ill. Rev. Stat. 1981, ch. 110, par. 2—701), asking the court to declare the zoning ordinance of the defendant insofar as it pertains to the plaintiff's property to be void and unenforceable. Defendant moved to dismiss on the ground the plaintiff did not prove his case.

The trial court, in ruling in favor of the defendant's motion, found that the plaintiff had failed to prove the allegations of its complaint by clear and convincing evidence and that the defendant's motion to dismiss would be allowed.

In its appeal the plaintiff raises the question whether the city's zoning ordinance unconstitutionally discriminates against condominiums due to its restriction of condominiums to a specific zone, its density requirements and its standard for obtaining a variation.

■ Inasmuch as the lower court's ruling was made at the close of the plaintiff's case, certain legal principles govern the review of its decision. In a bench trial, as here, the defendant may move for judgment in his or her favor at the close of the plaintiff's case. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1110.) The trial court must first determine, as a legal question, whether the plaintiff has presented a *prima facie* case and to grant the defendant's motion if the plaintiff has failed to do so. (*Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 407 N.E.2d 43.) If the plaintiff has presented a *prima facie* case, the court must then weigh the evidence considering the credibility of the witnesses and the quality of the evidence. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1110; *Kokinis v. Kotrich; City of Evanston v. Ridgeview House, Inc.* (1976), 64 Ill. 2d 40, 349 N.E.2d 399.) The court is to consider all the evidence including that which is favorable to the defendant, and is not to view the evidence in the light most favorable to the plaintiff. (*Kokinis; City of Evanston.*) If this weighing process negates some of the evidence necessary to the plaintiff's *prima facie* case, the court should enter judgment for the defendant. (*Kokinis.*) However, the motion should be denied if sufficient evidence remains to establish the plaintiff's *prima facie* case. The trial court's determination will not be reversed unless it is contrary to the manifest weight of the evidence. *Kokinis; City of Evanston.*

A zoning ordinance is presumed valid, and a party attacking the ordinance must prove by clear and convincing evidence that the classification is arbitrary, unreasonable and without a substantial relationship to the public welfare. *Tomasek v. City of Des Plaines* (1976), 64 Ill. 2d 172, 354 N.E.2d 899; *Parkway Bank & Trust Co. v. City of Chicago* (1982), 107 Ill. App. 3d 252, 437 N.E.2d 753.

Plaintiff has challenged the facial validity of the ordinance; consequently, we are required to review the ordinance itself.

Under the ordinance, condominiums are only permitted in districts R-5 and R-5A, and are the only permitted uses in those districts. Other residential zoning districts permit cumulative zoning; however, R-5 and R-5A do not. There further appears to be a wide disparity between the minimum lot requirements in the districts which permit condominiums as opposed to requirements in those zoned districts which permit apartments.

According to the city's zoning ordinance in general the zoning board may grant a variation in zoning only where the physical surroundings of the property would result in particular hardship if the zoning ordinance is applied strictly; the conditions on which the petition is based are unique; the petitioner's purpose is not solely financial gain; the alleged hardship has not been created by the present owner; granting the variation will not be materially detrimental to the public welfare or surrounding properties; and, the proposed variation will not impair an adequate supply of light and air to adjacent property, substantially increase fire hazards or traffic, endanger the public safety, or substantially impair the value of neighboring property. As one can see by simple review of the variations standards, procuring a variation is not compatible with apartment conversion.

Condominiums and condominium conversions are lawful operations (Ill. Rev. Stat. 1981, ch. 30, par. 301 *et seq.*), and they should not be prohibited entirely by a zoning ordinance unless doing so has a substantial relationship to the public welfare. *Village of Cahokia v. Wright* (1973), 11 Ill. App. 3d 124, 296 N.E.2d 30, *aff'd* (1974), 57 Ill. 2d 166, 311 N.E.2d 153; *High Meadows Park, Inc. v. City of Aurora* (1969), 112 Ill. App. 2d 220, 250 N.E.2d 517.

■ Though condominiums are not prohibited entirely under the city's zoning ordinance, as condominium zones within the ordinance are provided, the practical effect of restricting condominiums to only condominium zones does constitute an impermissible discrimination against the conversion of existing apartment dwellings into condominium units. A disparate treatment of condominiums and apartments is constitutional only if there would be some basis for distinction. (*Village of Cahokia v. Wright* (1973), 11 Ill. App. 3d 124, 296 N.E.2d 30, *aff'd* (1974), 57 Ill. 2d 166, 311 N.E.2d 153.) Where no real difference exists between groups treated differently and there is no basis for the disparity of classification, the ordinance is invalid. If a zoning ordinance permits certain uses of property but excludes other uses which are not significantly different, the ordinance cannot be sustained. *City*

*of Chicago v. Sachs* (1953), 1 Ill. 2d 342, 115 N.E.2d 762.

■ A conversion of an apartment building into a condominium complex does not basically involve a change in the use of the property, but only a change in the ownership. (*Maplewood Village Tenants Association v. Maplewood Village* (1971), 116 N.J. Super. 372, 282 A.2d 428; *Bridge Park Co. v. Borough of Highland Park* (1971), 113 N.J. Super. 219, 273 A.2d 397.) The statute enabling a municipality to enact zoning ordinances is directed to the regulation of the use of the property. See Ill. Rev. Stat. 1981, ch. 24. par. 11—13—1.

There appears to be no Illinois case precisely on this point; however, a municipality should not be permitted to use its zoning power for the purpose of precluding condominiums or condominium conversions. *Maplewood Village Tenants Association v. Maplewood Village* (1971), 116 N.J. Super. 372, 282 A.2d 428; *Bridge Park Co. v. Borough of Highland Park* (1971), 113 N.J. Super. 219, 273 A.2d 397.

■ As heretofore discussed, plaintiffs did attempt a rezoning and requested a variation of density restrictions. As pointed out, the standards for procuring a variation according to the zoning ordinance of the city are quite incompatible with seeking a variation for the purpose of conversion of an apartment into a condominium. Also Tutera is unable to show a "particular hardship," as he purchased the property intending to convert and with a full knowledge of the zoning restrictions. (*Podmers v. Village of Winfield* (1976), 39 Ill. App. 3d 615, 350 N.E.2d 232.) However, this would not preclude the plaintiffs for challenging the unconstitutionality of the ordinance. *Kraegel v. Village of Wood Dale* (1973), 10 Ill. App. 3d 486, 294 N.E.2d 64.

The bank has also argued that any local regulation of condominiums is preempted by the State's enactment of the Condominium Property Act. (Ill. Rev. Stat. 1981, ch. 30, par. 301 *et seq.*) However, prior to trial the parties stipulated that the case would not involve preemption and therefore this was not an issue before the trial court and should be considered waived for the purposes of appeal. (*Somerset House, Inc. v. Board of Appeals* (1970), 131 Ill. App. 2d 569, 266 N.E.2d 508.) Even if not waived the argument lacks merit as municipalities have extensive statutory authority over zoning, and such regulation does not fall under the Condominium Property Act. (Ill. Rev. Stat. 1981, ch. 24, par. 11—13—1; *People ex rel. County of La Salle v. Grundy County National Bank* (1981), 97 Ill. App. 3d 101, 422 N.E.2d 648.) Also the Condominium Property Act contains no express provision preempting the local regulation of condominiums and the statute is not such as to indicate a legislative purpose to preempt the field. *Rezler v. Village of Riverside* (1963), 28 Ill. 2d 142, 190 N.E.2d

706; *Wright v. County of Winnebago* (1979), 73 Ill. App. 3d 337, 391 N.E.2d 772.

■ The plaintiff has made out a *prima facie* case that the city by restricting condominium use to a noncumulative lower density zoning district has discriminated against the conversion of apartment buildings to condominiums in other zoning areas. The statute enabling a municipality to enact zoning ordinances is directed against the use of the property. (Ill. Rev. Stat. 1981, ch. 24, par. 11—13—1.) The city may not use its zoning powers to differentiate between condominiums and apartments based solely on the form of ownership. *Maplewood Village Tenants Association v. Maplewood Village* (1971), 116 N.J. Super. 372, 282 A.2d 428; *Bridge Park Co. v. Borough of Highland Park* (1971), 113 N.J. Super. 219, 273 A.2d 397.

In the present posture of the case there has been no evidence of a distinction between use contemplated by the plaintiff for his apartment building in Zone R-4 and the permissible condominium use of R-5 and R-5A. In the absence of evidence showing any distinction between these uses, or that the zoning classifications bore any real and substantial relationship to the public health, safety or welfare (*City of Champaign v. Roseman* (1958), 15 Ill. 2d 363, 155 N.E.2d 34), the case must be remanded for further proceedings.

The judgment of the trial court of McHenry County is reversed and this case is remanded for further proceedings.

Reversed and remanded.

VAN DEUSEN and LINDBERG, JJ., concur.