590

WILLIAM MANFIELD, Plaintiff-Appellant, *v.* THE CITY OF STERLING,
Defendant-Appellee.

(No. 73-245; )

Third District—May 29, 1974.

Lester S. Weinstine, of Morrison, for appellant.

L. Vernon Frye, of Sterling, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

William Manfield, plaintiff, brought an action to enjoin the City of Sterling from enforcing a zoning ordinance as to property owned by him as a partner. A temporary injunction was issued without notice against the defendant City of Sterling.

The defendant moved to dismiss the temporary injunction. This motion was denied, however, the defendant city was granted leave to file a cross-complaint for an injunction against the plaintiff for violation of the city zoning ordinance.

A cross-complaint was filed by the defendant city and the cause was heard by the trial court. After the plaintiff had presented his evidence he moved that his petition for an injunction be dismissed with prejudice and this motion was granted. The hearing proceeded on the defendant city's cross-complaint and when the hearing was concluded the trial court ordered that an injunction be issued against the plaintiff, whereby he would be enjoined from continuing to violate the zoning ordinance by maintaining a blacktopped parking area on city property, and that he would further cease and desist from placing a sign on the city-dedicated right-of-way bordering the front of the plaintiff's property. Pursuant to the court's order a writ of injunction was issued against the plaintiff.

The plaintiff at all times has acknowledged that he was in violation of the city zoning ordinance; however, it was his contention that the city could not enforce the ordinance by way of injunction against him since the city had acquiesced in like violation by other businesses in the City of Sterling.

While the plaintiff's brief raises several issues it was conceded by both the plaintiff and defendant during oral argument before this court that the sole issue is whether or not the failure of the city to enforce an ordinance against everyone affected by it prevented the defendant city from enforcing it by way of injunction against the plaintiff since the city was not coming into court with clean hands.

After examining the record we find that we cannot make a determination of the issue raised since there was no evidence introduced at the trial as to the number, nature or character of other violations of the zoning ordinance and which the city had failed to prosecute. It is true that the plaintiff did attempt to introduce evidence as to other violations of the ordinance but the trial court sustained a defendant's objection and such evidence was excluded. The plaintiff does not question this ruling of the trial court in his appeal but argues that there are many violations of the ordinance and that the defendant city has ignored them. We have no evidence of such violations before us and a reviewing court must determine the rights of parties solely on the evidence offered or produced at the trial. (See 2 Ill. L. & Pr. *Appeal and Error* § 644.) It is true that the plaintiff attempted to place such evidence in the record but when he was prevented from doing so by the trial court's ruling, he failed to take the further, necessary and requisite step, to-wit, "to make an offer of proof" as to what was expected to be proven. If such a procedure had been followed we would then be in a position to address ourself as to whether or not the defendant city has violated the "clean hands" doctrine. The procedure to be followed when evidence is excluded by the trial court in order to preserve it for purposes of appeal clearly requires that an offer of proof be made. (See 2 Ill. L. & Pr. *Appeal and Error* § 259.) Since such a procedure was not followed by the plaintiff we have nothing before us but his allegations of discrimination against him, all of which are totally unsupported by any evidence or an offer as to what he intended to prove if permitted to do so.

The plaintiff in oral argument requested that we examine his testimony before the trial court when he sought and obtained without notice the issuance of a temporary injunction. We do not deem such testimony as a part of the record in this case since subsequently the plaintiff on his own motion asked that his petition for an injunction be dismissed

with prejudice. This motion was granted and the hearing proceeded on the defendant city's cross-complaint for an injunction. It is only the record made in this hearing with which we can concern ourselves.

In view of the record in this case we have no alternative but to affirm the judgment of the Circuit Court of Whiteside County which directed that an injunction be issued against the plaintiff.

Affirmed.

DIXON and STOUDER, JJ., concur.