THE VILLAGE OF MATHERVILLE, Plaintiff-Appellant, *v.* JOHN D. BROWN *et al.*, Defendants-Appellees.

(No. 75-196;

Third District—December 24, 1975.

John G. Ames, of Orion, for appellant.

John A. Bell, of Rock Island, for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Mercer County dismissing a complaint of the Village of Matherville which was filed to

obtain enforcement of certain provisions of the village zoning ordinance against defendants John D. Brown and Ressie M. Brown. Appeal is also taken from the denial of the motion of plaintiff to file an amended complaint in the action. No evidence was taken in the case and the orders resulted solely from the pleadings in the cause.

The complaint, which was filed by the Village of Matherville, alleged that its zoning ordinance prohibited the use of trailers or mobile homes within the village limits, except on property designated as a "mobile home park." The complaint also alleged that defendants were maintaining a trailer on property zoned C-1, a classification which did not include, as a permitted use, a mobile home park for the use of trailers or mobile homes on such property. It was alleged in the complaint that defendants had refused to comply with the requests of the village to remove the trailer. Defendants, in the motion to dismiss, asserted only as a ground for dismissal that the complaint filed by plaintiff "exceeds the power given the plaintiff by the General Assembly, in that the power the plaintiff seeks to exercise is a power of prohibition rather than regulation and that said plaintiff does not have this power." The trial court granted the motion to dismiss without specifying reasons for so doing. The village then filed a motion requesting leave to file an amended complaint, which alleged the portion of the zoning ordinance provided for establishment of a mobile home park. This motion was denied by the trial court.

██ The complaint alleges the status of plaintiff as a municipal corporation in the State of Illinois with zoning powers granted by the General Assembly under the statutes (Ill. Rev. Stat. 1973, ch. 24, § 11—13—1 et seq.). The village ordinance specifies the relevant provisions of the general zoning ordinance, including a provision limiting the use of trailers or mobile homes to areas designated as mobile home parks. A provision of this type is clearly within the authority of a municipal body acting under the umbrella of a general zoning ordinance (*People of the Village of Cahokia v. Wright* (1974), 57 Ill.2d 166, 311 N.E.2d 153). The Supreme Court in the *Village of Cahokia* case distinguished a different result previously noted in *City of Sparta v. Brenning* (1970), 45 Ill.2d 359, 259 N.E.2d 30, and pointed out that Sparta did not have a comprehensive zoning ordinance. The Supreme Court noted that the Village of Cahokia had such a comprehensive zoning ordinance. The Village of Matherville in the instant case, which also has a comprehensive zoning ordinance, prohibited trailers or mobile homes except in mobile home parks.

The complaint in the cause before us specified that the defendants were maintaining their mobile home on their property, which was not zoned for such use, in contravention of the zoning ordinance, and sought

injunctive relief requiring compliance with the zoning ordinance of the Village of Matherville.

■■ On the basis of the *Village of Cahokia* case, the complaint appears to state a good cause of action. No other facts than those alleged in the complaint were introduced before the trial court, so far as the record discloses. When considering the ruling of a trial court on a motion to dismiss a complaint, all facts well pleaded in the complaint are to be taken as true by the reviewing court as well as all inferences arising therefrom. (*Suvada v. White Motor Co.* (1965), 32 Ill.2d 612, 613, 210 N.E.2d 182.) There is no basis, that we can find in the record, to determine that the ordinance exceeds the power of the Village of Matherville, in view of the *Cahokia* case which was recently decided in the Illinois Supreme Court.

In the defendants' brief there is a reference to "facts" that the village had not provided a trailer park within defendants' boundaries, and, also, that no section of the ordinance allowed for establishment of such a park. The portion of the ordinance, which was included in the motion to amend the complaint by the village, clearly shows that there was in fact a section providing for a mobile home park. We find nothing in the record, also, to support the contention now made in the brief on appeal that the village did not provide a trailer park within its boundaries. The question of whether or not a mobile home park exists in the Village of Matherville thus is not resolved by the record on appeal in this Court. There is nothing to show that the Village of Matherville is deliberately excluding trailers or mobile homes from within its limits, by arbitrary manipulation of the zoning laws and classifications or by action of the village authorities. Certainly, there is nothing to show that enactment of the ordinance is beyond the power of the Village of Matherville.

■■ It is also well established that a reviewing court cannot consider facts argued on appeal by a party which have no support in the evidence or in the pleadings which form the record in the court below. (*Manfield v. City of Sterling* (3rd Dist. 1974), 19 Ill.App.3d 590, 591, 312 N.E.2d 436; *In re Estate of Shelton* (4th Dist. 1974), 19 Ill.App.3d 542, 543-4, 311 N.E.2d 780.) Some reference is made in defendant's brief to the statutory definition of a trailer or mobile home as excluding those trailers which have wheels, tongue, and hitch removed, and are placed on a permanent foundation (Ill. Rev. Stat. 1973, ch. 111½, § 712.1). Nothing in the record, however, shows that defendants' trial or mobile home comes within this exclusion or whether the statutory definition is designed to be binding on the village in its application to its zoning ordinance. No argument is in fact made on this point, other than the citation

of the statutory reference, nor is it even shown that defendants' trailer or mobile home under consideration fits the presumed exclusion.

■■ In addition to the foregoing considerations, we take note of the fact that a provision in a municipal zoning ordinance is considered valid unless it is clearly shown to be otherwise by the party attacking it (*People of the Village of Cahokia v. Wright* (1974), 57 Ill.2d 166, 168.) In the cause before us the Village of Matherville has alleged its ordinance and the violation thereof by defendants. We can find nothing in the record which would authorize a dismissal of the complaint at this stage of the pleadings. Other matters which were hinted at or argued by defendants in this cause on appeal are matters of evidence and proof in the cause, which are not presented in any manner by the pleadings as shown in the record.

For the reasons stated, the orders of the Mercer County Circuit Court denying the motion to amend the complaint and dismissing the complaint of plaintiff are reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

STOUDER, P. J., and BARRY, J., concur.