113 N.J. Super. 219 (1971)
273 A.2d 397
BRIDGE PARK CO., A PARTNERSHIP CONSISTING OF SIDNEY H. PALEY AND ALLEN TUCKER, PLAINTIFFS-APPELLANTS,
v.
BOROUGH OF HIGHLAND PARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 22, 1970.
Decided January 28, 1971.
*220 Before Judges LEWIS, MATTHEWS and MINTZ.
Mr. Joseph Gordon argued the cause for appellants (Messrs. Gordon & Kanengeiser, attorneys).
Mr. Philip Blacher argued the cause for respondent.
PER CURIAM.
Plaintiff is a partnership which owns a tract of land in defendant borough upon which are constructed garden apartments. The apartment building is made up of 11 apartments, each consisting of six rooms and a bath. Plaintiff has owned this property since the construction of the apartment complex in 1961.
On April 22, 1969 plaintiff executed a declaration pursuant to N.J.S.A. 46:8A-1 et seq. (L. 1963, c. 168). This act, also known as the Horizontal Property Act, authorizes the creation of a "council of co-owners," N.J.S.A. 46:8A-2 (c), through which the occupants of apartments may administer their own affairs. The act contemplates ownership of the apartments outright by the tenants, and common ownership of the "general common elements" of the apartment premises. N.J.S.A. 46:8A-6.
In the declaration made in this case, it was proposed that each of the 11 apartments would be owned by the individual tenant after he paid a purchase price of $15,000; each "owner" would then have a one-eleventh interest in the general common elements. No sales were consummated, however, because on May 29, 1969 plaintiff received a letter from the borough attorney of defendant which impliedly suggested that the declaration of the acts to be performed pursuant thereto were contrary to the provisions of "the applicable ordinances of the Borough of Highland Park."
Actually, the borough attorney referred to the zoning ordinance of the borough wherein there is contained a definition *221 of "garden apartment." Under this definition a garden apartment is stated to be "a building or series of buildings under single ownership * * *." (Emphasis added). Obviously, the definition was formulated intentionally so as to exclude horizontal property regimes and condominiums.
After receipt of the letter plaintiff instituted a proceeding in the Chancery Division, seeking a declaratory judgment and injunctive relief with respect to the zoning ordinance, insofar as it attempted to control the ownership of property. After issue was joined, plaintiff moved for summary judgment, which was denied. A cross-motion for summary judgment filed by defendant was granted. In denying plaintiff's motion the trial judge grounded his conclusion on the fact that plaintiff had failed to seek a variance from the terms of the zoning ordinance from the board of adjustment of defendant borough.
The zoning power has been granted to municipalities by the Legislature in Chapter 55 of Title 40 of the Revised Statutes. In establishing the parameters of the zoning power, the Legislature has provided in N.J.S.A. 40:55-30:
Any municipality may by ordinance, limit and restrict to specified districts and may regulate therein, buildings and structures according to their construction, and the nature and extent of their use, and the nature and extent of the uses of land, and the exercise of such authority, subject to the provisions of this article, shall be deemed to be within the police power of the State. * * *

* * * * * * *
The authority conferred by this article shall include the right to regulate and restrict the height, number of stories, and sizes of buildings, and other structures, the percentage of lots that may be occupied, the sizes of yards, courts, and other open spaces, the density of population, and the location and use and extent of use of buildings and structures and land for trade, industry, residence, or other purposes. * * *
A quick reading of this section discloses no power granted to a municipality to regulate the ownership of buildings or the types of tenancies permitted. It is obvious that each phrase in the statute refers either to the type of construction *222 or the use permitted on real property within the confines of a municipality.
Defendant attempts to characterize condominium ownership as a "use" of land  i.e., since the property in question is to be "used" as a condominium, the municipality may regulate or prohibit such "use." It is apparent, however, that after change of ownership as planned, the same buildings will be on the premises in question and the use to which they are put will also remain the same. We conclude that the word "use," as contained in the statute above, does not refer to ownership but to physical use of lands and buildings. A building is not "used" as a condominium for purposes of zoning.
In view of our conclusion that the attempted regulation of ownership of property under the guise of the zoning power is beyond the power of defendant borough, we find it unnecessary to meet plaintiff's arguments as to preemption and restraint on alienation.
The judgment of the Chancery Division is reversed.