128 N.J. Super. 379 (1974)
320 A.2d 191
LYNN SHEPARD, PLAINTIFF,
v.
WOODLAND TOWNSHIP COMMITTEE AND PLANNING BOARD, LARRY JONES, AND SUNNY PINE, INC. a/k/a CRESTWOOD VILLAGE, INC., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 18, 1974.
*380 Mr. Charles A. Little for plaintiff (Messrs. Bleakly, Stockwell & Zink, attorneys).
Mr. Louis J. Greco for defendants Woodland Township Committee and Planning Board and Larry Jones (Messrs. Donio & DeMarco, attorneys).
Messrs. Robert J. Partlow and Barry T. Parker for defendant Sunny Pine, Inc. (Messrs. Parker, McCay & Criscuolo, attorneys).
VAN SCIVER, J.S.C.
Plaintiff, a resident of Woodland Township, Burlington County, instituted this action in lieu of prerogative writ seeking judgment declaring unconstitutional an amendment to the municipal zoning ordinance. The questioned amendment affects sections 601 and 603 of the zoning ordinance of Woodland Township.
Section 601 was amended to read:
Purpose  It is the purpose of this zone to preserve the open agricultural character of this section of the township, and at the same time, provide an area for large lot residential development, and/or Senior Citizens Communities. * * * [Amendment italicized]
*381 Section 603, entitled "Special Uses," set forth seven special exceptions authorizing the zoning board of adjustment, with approval by the township committee, to permit certain uses to be made of lands in that district. By the amendment in question section 603 was enlarged to add an exception permitted in the residential-agricultural zone, under terms and conditions set forth therein as follows:
8. Senior Citizen Communities. In R-A Zones where one or more parcels of land having a contiguous total area of at least 500 acres are under common ownership or control, there may be established a Senior Citizen Community in accordance with the laws of the State of New Jersey and with the following additional requirements:
a. Age and Occupancy Requirements. The permanent residents of a Senior Citizen Community shall be confined to persons who are 52 years of age or over except that one child who is 19 years of age or over may be permitted to reside in any senior citizen dwelling unit occupied by his or her parent(s) or guardian(s). Full time occupancy of any residential unit shall be limited to 3 individuals.
Other conditions not in question here followed.
Plaintiff contends that the amendment in question is violative of the equal protection clause of the United States Constitution and that the case of Taxpayers Ass'n of Weymouth Tp., Inc. v. Weymouth Tp., 125 N.J. Super. at 376 (App. Div. 1973) supports the conclusion. It is argued that there is no reasonable relation between the age limitation and the unit permitted as against persons of other ages and the unit permitted.
The township, together with the planning board and building inspector as defendants, assert that the amendment is not discriminatory, but merely establishes standards for the development of senior citizen residential communities to promote the health and welfare of its occupants; that the amendment does not require a senior citizen community in the R-A zone, but merely permits it and does not exclude any class of persons from that zone. It is argued that the intent of this ordinance is to regulate the use of lands which have been voluntarily dedicated by its owners as residential areas for senior citizens as distinguished from control over *382 ownership of property based upon age classification held invalid in the Weymouth case, supra.
All parties move the court for entry of summary judgment as to their respective position on the constitutionality of the zoning ordinance amendments in question.
The zoning authority granted by N.J.S.A. 40:55-30 has been construed as being limited to regulation of the type of construction or the use permitted, i.e., physical use of land, rather than permitting the regulation of ownership or occupancy thereof. Bridge Park Co. v. Highland Park, 113 N.J. Super. 219, 221 (App. Div. 1971). The question, then, is whether the amendment in question adding a permissible use, that of senior citizen community, containing an age qualification for residency, is a regulation of land use or a regulation of land occupancy. The proponents argue that the units permitted in an area devoted to such use are regulated in size, density and area, appointments and environmental conditions of parks, trees, water courses, lighting, walks, roadways, vehicle parking, recreational and service facilities, and the like, and are regulated with intent to supply and specifically suit the needs of senior citizens, and that as such the regulations are to be considered as use restrictions rather than occupancy restrictions designed to accommodate persons in the senior category of life.
Economic and social legislation, when charged to be in violation of the equal protection clause of the Constitution (as here), is traditionally judged by determination of whether it is reasonable and not arbitrary, and whether it bears a rational relationship to a premissible objective. Vickers v. Gloucester Tp. Comm., 37 N.J. 232, 242 (1962). Planning to efficiently and effectively provide accommodation for the needs and services to a segment of our society similarly situated in a manner compatible with the circumstances of the community as a whole is a valid purpose of zoning. Napierkowski v. Gloucester Tp., 29 N.J. 481, 494 (1959).
The announced purpose of the amendment here, aside from the preservation of the agricultural character of portions of *383 the township, is "to provide an area for large lot residential development and/or Senior Citizen Communities. * * *" (Emphasis supplied) The necessary determination then requires a consideration of the regulation from the broad view of planning to see if that regulation is reasonable and in compliance with statutory standards in light of all the existing and reasonably foreseeable circumstances. Fanale v. Hasbrouck Heights, 26 N.J. 320, 325 (1958).
In an effort to distinguish the provisions of paragraph 8(a) from the holding in the Weymouth case, supra, defendants suggest that restricting age and occupancy to "persons who are 52 years of age or over" is a mere definition of "senior citizen" by resort to numerical age and not to be considered a restriction on occupancy by age prohibited by Weymouth.
The amendment in question does not seek to preserve the established character of the entire municipality, as in the recent case of Village of Belle Terre v. Boraas, ___ U.S. ___, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974), but to allow the use of segments of the township for segregated housing. If the ordinance segregated the area for one race as against another it would clearly be invalid. Buchanan v. Warley, 245 U.S. 60, 38 S.Ct. 16, 62 L.Ed. 149 (1917); Jones v. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). So, too, if the segregation was to confine the poor or the rich, or people of similar religious or political faiths, such an ordinance would be clearly invalid.
The question whether the line to be drawn to define "senior citizen" as a qualification for occupancy ought to be by a numerical age or whether some other means of definition or identification ought to be devised is a matter of exercise of discretion and normally, in matters of this kind, that exercise of discretion is a legislative rather than a judicial function. The court's function, on review, is to determine whether there is a rational relationship between the legislative line drawn and the goals sought to be attained. In the absence of such relationship, the drawing of the line would be arbitrary and not sustainable.
*384 The ordinance actually effectively permits or is intended to establish as a permitted use a certain life style if we are to read the amendment regulations as a whole and consider the thrust of defendants' arguments that it is to provide answer to the needs and desires of persons intending to live in a given way and to allow units designed to answer that need in a manner compatible with efficient and effective community planning. However, this court has grave concern that one's age is an adequate and fair qualification for permitted occupancy in a given life style. Here residency is restricted to persons who are 52 years of age or over. What is to be said of a married couple or an unmarried couple living "as a family" with only one of that couple over the age of 52 years. Is that family to be deprived of qualification to live in that given life style, i.e., the specifically designed residential units allowed by the regulating ordinance. Similarly, is a family, one or both of whom is not 52 years of age or older, to be deprived of their right of privacy to select associations and select a home of their personal needs, which right is otherwise accorded to a family where both are over the age of 52 years. The effect of the age qualification for residency appears to this court to be an unconstitutional discrimination. Molino v. Mayor, etc., Glassboro, 116 N.J. Super. 195, 204 (Law Div. 1971); Kirsh Holding Co. v. Manasquan, 59 N.J. 241 (1971); Taxpayers Ass'n of Weymouth Tp. v. Weymouth Tp., supra.
It is the conclusion of this court that authorization of a senior citizen community as a land use regulation is not foreign to the authority granted to municipalities in the enabling act, but that the qualification for residency therein limited to persons 52 years of age or over is constitutionally impermissible; that such age qualification bears no realistic relationship to a recognized objective of zoning legislation.
To the extent that the ordinance amendment in question limits residence in the permitted use in an R-A zone to persons by age, the amendment is invalid.
Judgment shall be entered in accordance with these conclusions.