THE PEOPLE *ex rel.* COUNTY OF LA SALLE, Plaintiff-Appellee, *v.* GRUNDY COUNTY NATIONAL BANK, Defendant.—(MANUFACTURED HOMES, INC., *et al.*, Defendants-Appellants.)

Third District   No. 80-512

Opinion filed June 17, 1981.

Michael T. Reagan, of Hupp, Irion & Reagan, of Ottawa, for appellants.

Gary L. Peterlin, State's Attorney, of Ottawa (James A. Lanuti, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of La Salle County in favor of the plaintiff-appellee, the People *ex rel.* the County of La Salle and against the defendants-appellants, Manufactured Homes, Inc., Ron Alexander, and Seneca Development Corporation. The defendants are owners of Seneca Estates Mobile Home Park and sought to convert it to the condominium form of ownership. Accordingly, they filed the appropriate documents for conversion with the county. The state's attorney's office for La Salle County brought this action to stop the conversion, contending that it was not allowable under the Condominium Property Act (Ill. Rev. Stat. 1977, ch. 30, par. 301 *et seq.*). The county contends that any form of new individual ownership of the property involved is covered instead by the La Salle County Subdivision Regulations Ordinance. The defendants moved to strike and dismiss the complaint. The trial court ruled that the attempt to convert a mobile home park into a condominium was "fanciful" and denied the motion. The defendants then moved for leave to file a counterclaim for a declaratory judgment to the effect that affixing mobile homes to the ground would clearly comply with the Condominium Property Act. This motion was also denied. Plaintiff then filed a motion for summary judgment, which was granted.

On appeal, the parties agree that the primary issue in dispute is whether or not a mobile home park is properly convertible to the condominium form of ownership under the Condominium Property Act. We affirm.

Defendants' plan to convert the mobile home park to a condominium envisages the following plan. Defendants would sell cubicles of air over pads and these would be the "units" which were independently owned. Each unit owner would own an undivided share of the common elements, which would consist of the remaining grounds and facilities of the trailer park. Thus, the key question is whether such a plan is encompassed by the Condominium Property Act. We believe that it is not.

The type of conversion which defendants envision is essentially nothing more than a subdivision of the existing park. If defendants' argument was accepted, a developer who owned land which he divided into lots, and on which he constructed single residence dwellings, could sell each residence as a unit with certain areas commonly owned, call it a condominium, and avoid any subdivision requirements imposed by the

county in which the land was located. We do not believe the legislature intended to pass an act under which such a result could occur. The State granted the counties the right to set restrictions in subdivisions under the theory that a county is in the best position to determine what is necessary to protect its residents. It would pass a piece of legislation allowing the county's power to be circumvented.

Defendants claim that the county would not be stripped of its regulatory powers in that the area would still be subject to the Mobile Home Park Act. However, defendants are unable to explain why they would be subject. There is nothing in the Mobile Home Park Act which addresses itself to the situation in which the residents of a mobile home own the land on which their mobile home is situated. Therefore, we see no reason why it would apply.

Defendants also contend that they should be permitted to convert the park to condominiums because this will extend the benefits of ownership to more people. We agree that there are tangible benefits to ownership. However, simply because a mobile home park cannot be converted into the condominium form of ownership does not mean that mobile home owners must be denied any possibility of ownership. There is no reason that the plots of the park cannot be sold in compliance with regulations promulgated by the county to control the subdivision of the park.

Because we believe that the type of condominium conversion proposed by the defendants in this case is not envisioned in the Condominium Property Act, the trial court acted properly in denying the defendants' motion to dismiss the complaint. We also believe the trial court acted properly in denying the defendants' motion to file a counterclaim for a declaratory judgment. The counterclaim requested a judgment to the effect that if mobile homes were affixed to the ground within the park and sold as part of the unit, that such would be a lawful condominium conversion. For the purpose of our analysis above, it makes no difference whether the units are sold as just the air above the pad or whether they include a mobile home affixed to the pad. In either case it is essentially a subdivision of the existing lot.

For the above mentioned reasons, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

SCOTT, P. J., and ALLOY, J., concur.