**TOWN OF WESTERLY et al.**

v.

**Russell W. WALDO et al.**

**No. 84–288–Appeal.**

Supreme Court of Rhode Island.

May 1, 1987.

Louis B. Cappuccio, Westerly, for plaintiff.

Thomas J. Liguori, Urso, Liguori, & Urso, Westerly, for defendant.

## OPINION

FAY, Chief Justice.

In this Superior Court action the plaintiffs sought to enjoin the defendants from selling or advertising for sale renovated hotel units as condominiums, contending that such sale violated applicable zoning regulations. The trial justice granted the defendants' motion for summary judgment, from which the plaintiffs now appeal. The plaintiffs are the town of Westerly and the town zoning inspector and the defendants are the owners of the Watch Hill Inn, located in Watch Hill, Rhode Island.

The controversy arises out of the following facts.[1] At the time defendants purchased the Watch Hill Inn, on May 14, 1981, it was located in a district zoned B–1 pursuant to chapter 22 of the Code of Ordinances of the Town of Westerly, as amended, which zoning remained in effect throughout the pertinent period. The inn had been operated as a hotel/motel for approximately forty years, a use permitted in a B–1 zone.

On or about April 2, 1982, defendants applied to the town for a building permit to renovate the interior of the inn to reduce the existing number of rooms from thirty-six to sixteen. According to the application, the intended use of the area to be renovated was a hotel/motel. The building inspector and the zoning inspector approved the building permit, and defendants commenced the renovations and began advertising the hotel rooms for sale as condominiums.

The plaintiffs subsequently filed a complaint in Washington County Superior Court seeking a temporary restraining order and a preliminary and permanent injunction enjoining and restraining defendants from selling or advertising for sale any of the units as condominiums, alleging that multiple-dwelling units and hotel condominiums were not a permitted use under the Westerly zoning ordinances and no ruling or exception had been obtained. A temporary restraining order issued on April 26, 1982, and the matter was set down for hearing on the preliminary injunction on May 5, 1982. In May of 1984[2] defendants filed a motion for summary judgment. The plaintiffs filed an objection to defendants' motion and moved as well for summary judgment. On May 16, 1984, the trial justice granted defendants' motion, finding that under G.L.1956 (1969 Reenactment) § 34–36–38, as enacted by P.L. 1981, ch. 242, § 1, defendants were entitled to sell portions of the inn as condominiums, that the condominium form of ownership could not be prohibited by zoning regulations, and that as long as the use of the units remained unchanged, the applicable regulations were not violated.

On review of a motion for summary judgment, our task is the same as that of the trial justice. *Steinberg v. State*, 427 A.2d 338, 340 (R.I.1981). Viewing the evidence in the light most favorable to the nonmoving party, we examine the pleadings, depositions, answers to interrogatories, and admissions, together with the affi-

1. The facts in this opinion have been gleaned from a reconstructed record, the authenticity of which has been stipulated to by the parties. The original record was misplaced.

2. The reconstructed record does not reflect what occurred in the travel of the case between May of 1982 and May of 1984. According to defendants' memorandum of law, filed on May 24, 1982, the hearing justice at the hearing on the preliminary injunction extended the temporary restraining order for an additional period under Super.R.Civ.P. 65(b).

davits filed, to see whether there is a genuine issue of material fact. If not, we determine whether the moving party is entitled to judgment as a matter of law. *Russo v. Cedrone,* 118 R.I. 549, 555, 375 A.2d 906, 909 (1977); Super.R.Civ.P. 56(c).

The Westerly zoning ordinance divides the town of Westerly into zoning districts. Section III of the ordinance specifies the uses that are permitted in each district. It also provides that "all uses not specifically listed in Section III will require a ruling as to general classification of the zoning inspector. If such a classification is listed as a special exception, the provisions of Section VI shall apply." Westerly, R.I., Code of Ordinances, ch. 22, § III. Section VI allows the zoning board to authorize a permit for a use identified as a special exception after a public hearing if specific requirements are met.

The plaintiffs contend that since the ordinance does not specifically list "condominium" as a permitted use in a B–1 district, defendants were required to apply to the zoning inspector for a ruling as to its classification. Alternatively, they contend that condominiums are multifamily dwellings and defendants were required under section III of the ordinance to seek a special exception.

It is well established that a local legislature has no authority to enact zoning regulations other than that conferred upon it in the pertinent provisions of the enabling legislation. *Cianciarulo v. Tarro,* 92 R.I. 352, 358, 168 A.2d 719, 722 (1961). The enabling legislation that gives the town of Westerly the power to enact zoning regulations clearly does not permit it to regulate the ownership of property. *See* P.L.1922, ch. 2299, § 1, as amended by P.L.1925, ch. 746, § 1.[3] The state's Condominium Ownership Act in effect at the time in question makes it plain that the term "condominium" refers to a specific type of ownership, G.L.1956 (1969 Reenactment) §§ 34–36–3(1) and (2),[4] and distinctly indicates that a zoning ordinance "may not prohibit the condominium form of ownership or impose any requirement upon a condominium which would not be imposed upon a physically identical development under a different form of ownership or otherwise regulate the creation, governance or existence of the condominium form of ownership * * *," § 34–36–38.

Accordingly, it is appropriate that "condominium" is not classified as a "use" in section III of the Westerly zoning ordinance, and defendants were not required to seek a ruling under the ordinance before offering the renovated units for sale as condominiums. *Cf. Bridge Park Co. v. Borough of Highland Park,* 113 N.J.Super. 219, 273 A.2d 397 (1971) (a building is not "used" as a condominium for purposes of zoning; attempted regulation of ownership of property by prohibiting condominium is beyond zoning power of municipality); *County of Fayette v. Cossell,* 60 Pa. Commw. 202, 430 A.2d 1226 (1981) (zoning ordinances regulate usage; if use permitted, municipality may not regulate the manner of ownership of the legal estate).

**3.** Public Laws 1925, ch. 746, § 1 provides as follows:

"For the purpose of promoting the health, safety, morals or the general welfare of the community, the town council of the town of Westerly is hereby empowered to regulate and restrict the location and use of buildings, structures and land for trade, industry, residence, or other purposes; the height, number of stories and construction of buildings; the percentage of the lot that may be built over; the size of lots and the size of yards, courts and other open spaces in connection with buildings; the alignment of buildings along street and water frontages; the density of housing; the subdivision of land into building lots and the size, location and construction of common open spaces for traffic, for recreation or for other purposes in connection with such subdivisions."

**4.** General Laws 1956 (1969 Reenactment) § 34–36–3(1) of the Condominium Ownership Act defines "condominium" as "the ownership of a single unit in a multi-unit project together with an undivided interest in common in the common areas and facilities of the property."

Section 34–36–3(2) defines "condominium project" as "a plan or project whereby four (4) or more apartments, rooms, office spaces, or other units in existing or proposed apartment, commercial or industrial buildings or structures are separately offered or proposed to be offered for sale."

Neither does the record that was before the trial justice indicate that in addition to changing the form of ownership of the inn, defendants intended to change its use to multifamily dwellings. The complaint merely alleges that the units were renovated and advertised for sale as condominiums; the affidavit of the zoning inspector, filed in support of plaintiffs' objection to defendants' motion for summary judgment, states in a conclusory fashion that the renovation of the hotel rooms into condominiums resulted in the creation of a multifamily dwelling, without providing a factual basis for that conclusion. On the other hand, defendants each filed affidavits stating that the premises had been advertised for hotel/motel uses, attached to which were 1982 and 1983 rate schedules that corroborated their statements. They also attested to the fact that the books and records of the inn indicated that it had been used for hotel/motel purposes only.

During oral argument before this court, in an attempt to show that defendants intended to change the use of the inn, plaintiffs contended that the renovated units contained kitchens and washers and dryers. The parties have since stipulated to the fact that there are no kitchens or washers and dryers in any of the units and that any improvements to the property conform to the building and occupancy permits issued by the town. By agreement between the parties, the current zoning inspector also filed an affidavit attesting to these facts, mentioning in addition that there are no provisions in the units for heat in the winter months and that the pipes have been drained to prevent freezing, and concluding that each of the units remains a motel unit.

Since the record before the trial justice indicated that the defendants did not intend to change the use of the inn, but only the form of its ownership, he did not err in ruling as a matter of law that they were not in violation of the ordinance and that an injunction should not issue.

Accordingly the plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in the case are remanded to the Superior Court.