Raymond V. McCONNELL et al.

v.

Elizabeth WILSON, in her capacity as Town Clerk of the Town of South Kingstown.

No. 87–301–Appeal.

Supreme Court of Rhode Island.

June 21, 1988.

Stephen A. Fanning, Jr., Timothy T. More, Edwards & Angell, Providence, for plaintiff.

Robert Gates, Gardner, Sawyer, Gates & Sloan, Providence, for defendant.

OPINION

FAY, Chief Judge.

The town clerk of South Kingstown appeals the Superior Court justice's issuance of a writ of mandamus that directed her to record the plaintiffs' condominium declaration for a parking condominium. We affirm.

The plaintiffs, Raymond and Marilynn McConnell (the McConnells), own several parcels of land near Charlestown Beach in South Kingstown. They plan to make a parcel located on the northwesterly side of Charlestown Beach into a parking condominium. The plaintiffs also own an adjacent lot on which a summertime retail store called the Red Store is located. In the past the parcel at issue was used as a parking lot for the Red Store and for beachgoers. Although this area is zoned residential, these parcels have pre-existing nonconforming commercial-use status.

Pursuant to the McConnells' proposed condominium declaration, the forty-seven purchasers will own a fee-simple interest in a portion of the airspace above the land. Each of the forty-seven airspaces will be designated as a unit, and each unit shall be used to park one vehicle. The common areas, which include the land, will be owned by the purchasers as tenants in common.

On November 10, 1986, plaintiffs attempted to file the condominium declaration and plat plan pursuant to the Rhode Island Condominium Act (the Condominium Act). General Laws 1956 (1984 Reenactment) § 34–36.1–2.01. The town clerk refused to record these documents because plaintiffs did not secure the South Kingstown planning board's approval. The town believed that this conversion was a subdivision of real estate. Pursuant to G.L. 1956 (1980 Reenactment) § 45–23–7 proposed subdivision plans must be submitted to the local planning board for approval prior to filing.

On January 29, 1987, plaintiffs brought this suit in Washington County for a writ of mandamus directing Elizabeth Wilson

(Wilson), town clerk of South Kingstown, to record the condominium declaration and plat plan. The Superior Court justice granted the requested writ. In his written opinion, the justice held that § 34–36.1–1.06 of the Condominium Act prohibits local authorities from discriminating against condominiums. The justice stated that the proposed condominium was neither a subdivision of real property nor a use that could be regulated pursuant to town zoning ordinances. Consequently, he ordered the clerk to accept and file the condominium documents.

In support of her appeal Wilson reasserts the town's argument that this condominium proposal is a subdivision of real estate under § 45–23–1 and that, therefore, the writ of mandamus improperly issued. We do not agree with this argument.

■ In a recent case we asserted that the state's Condominium Ownership Act, predecessor to the Condominium Act presently at issue, indicates that the term "condominium" refers to a specific type of ownership.[1] *Town of Westerly v. Waldo*, 524 A.2d 1117, 1119 (R.I. 1987). The Condominium Act defines "condominium" as "real estate, portions of which are designated for separate ownership and the remainder of which is designated for common ownership solely by the owners of those portions. Real estate is not a condominium unless the undivided interests in the common elements are vested in the unit owners." Section 34–36.1–1.03(7). The statute further provides that a unit is "a physical portion of the condominium designated for separate ownership or occupancy * * *." Section 34–36.1–1.03(25). Finally, the term real estate is defined as "any leasehold or other estate or interest in, *over*, or under land, including * * * [s]paces that may be filled with air * * *." (Emphasis added.) Section 34–36.1–1.03(21). This court is convinced that the McConnells' proposed parking condominium satisfies the Condominium Act's definition of condominium. The purchasers will own a fee interest in their airspace unit and an undivided interest in all the common areas with the other purchasers as tenants in common.

Since we have determined that the McConnells' proposal fits the Condominium Act's definition of condominium, we must now determine whether the town of South Kingstown may regulate the proposal as a subdivision. In *Waldo*, 524 A.2d at 1118–19, we considered the closely related issue of whether a municipality could regulate the conversion of a hotel into a condominium. In that case, the town of Westerly sought to enjoin the conversion arguing that absent a special exception the hotel condominiums did not constitute a permitted use under the existing zoning ordinance. *Id.* at 1118. We noted that § 34–36–38 "distinctly indicates that a zoning ordinance 'may not prohibit the condominium form of ownership or impose any requirement upon a condominium which would not be imposed upon a physically identical development under a different form of ownership' * * *." *Id.* at 1119. Consequently we concluded that the *Waldo* condominium conversion was not a use subject to town zoning authority but was merely a change in the form of the property's ownership. *Id.* at 1120.

Although the *Waldo* decision pertains only to zoning ordinances, the Condominium Act also provides that zoning, subdivision, building code, or other real estate use law, ordinance, or regulation, may not prohibit the condominium form of ownership or impose any requirement thereupon that it would not impose upon a physically identical development under a different form of ownership. Section 34–36.1–1.06.

The comments following § 34–36.1–1.06 specify that this section was designed to prohibit discrimination against condominiums by local law-making authorities.[2] *Id.*

---

1. In 1982 the Legislature enacted a new Condominium Act. Public Laws 1982, ch. 329, codified at G.L. 1956 (1984 Reenactment) § 34–36.1–1.01. The Legislature provided that this act applies to all condominiums created after July 1, 1982. Section 34–36.1–1.02. Consequently this Condominium Act applies to the McConnells' proposal.

2. The Legislature added these official comments from the Uniform Condominium Act for use as guidance into the intent of the Legislature in

at comment 1. Consequently the town's argument must fail.

█ The conversion of the McConnells' lot is a mere change in the form of its ownership and not a subdivision of land. Because this parking area was not subject to subdivision requirements before its conversion, it cannot be subject to these requirements afterward. To require such compliance would amount to blatant discrimination against the condominium form of ownership and would fly in the face of express legislative intent. The absence of a change in use reinforces our conclusion. Therefore, South Kingstown may not preclude the McConnells from converting this lot, relying on their failure to obtain subdivision approval. Our holding comports with a decision from another jurisdiction confronted with this issue. *Maplewood Village Tenants Association v. Maplewood Village*, 116 N.J. Super. 372, 377, 282 A.2d 428, 431 (1971) (ruling that apartment conversion to condominium was merely a change in the form of ownership and not a subdivision of realty).

The town, citing three cases, unsuccessfully argues that we should be influenced by other court decisions that subject condominiums to subdivision regulations. As the McConnells point out, however, these cases are easily distinguished from the case at bar. The case of *Town of Tuftonboro v. Lakeside Colony, Inc.*, 119 N.H. 445, 446–47, 403 A.2d 410, 411 (1979), did not involve a condominium conversion but involved a stock-purchase plan designed to circumvent the municipality's subdivision regulations. The *Tuftonboro* court, without considering the condominium issue, ruled that the conversion of a seasonal-cottage colony was a subdivision of real estate. *Id.* at 452, 403 A.2d at 414. This case does not influence our opinion today because the *Tuftonboro* court never considered the condominium issue.

Similarly we do not find that *People v. Grundy County National Bank*, 97 Ill. App. 3d 101, 52 Ill.Dec. 646, 422 N.E.2d 648 (1981), influences our decision. *Grundy* involved the conversion of a mobile-trailer park into condominiums. *Id.* at 102, 52 Ill.Dec. at 647, 422 N.E.2d at 649. Although the owners in *Grundy* sought to sell units of airspace, in a manner similar to that in the case at bar, the court held that this conversion was a subdivision of the park. *Id.* In reaching its decision, the *Grundy* court reasoned that the Illinois legislature, when enacting its condominium statute, did not intend to permit this type of conversion. *Id.* at 103, 52 Ill.Dec. at 647–48, 422 N.E.2d at 649–50. Furthermore, the Illinois condominium statute, unlike Rhode Island's, did not expressly protect condominiums from the discriminatory imposition of local subdivision ordinances.

Finally, the town cites *Planning Board of Naples v. Michaud*, 444 A.2d 40 (Me. 1982), as supportive of its argument. In *Michaud* the Maine Supreme Judicial Court affirmed a decision that prohibited an owner from selling fee-simple-condominium interests in his campground, ruling that the plan was a subdivision of land. *Id.* at 43. The court considered that the change in use from a seasonal-transient campground to quasi-permanent-multiple occupancy, with its concomitant effect on environmental quality, waste disposal, and water supply, buttresses its conclusion that the plan was a subdivision. Unlike *Michaud*, the McConnells' conversion does not involve any change in use or any impact on municipal services and thereby does not necessitate treatment as a subdivision.

Since we have determined that the condominium conversion is not subject to the town of South Kingstown's regulation as a subdivision, the trial justice's grant of the writ of mandamus was proper. As we noted in *Bionomic Church of Rhode Island v. Gerardi*, 414 A.2d 474, 476 (R.I. 1980), a recorder of deeds is a purely ministerial officer who is subject to mandamus.

Based on the foregoing, the defendant's appeal is denied and dismissed. The papers of this case are ordered returned to Superior Court.

adopting the Condominium Act. Public Laws 1982, ch. 329, § 3.