COBB, Judge.
The issue in this appeal centers around the imposition of city zoning ordinances on a mobile home park which was converted from a rental park into a condominium. The cause began when Orange West, Ltd., the owner of the property, the Orange West Homeowner’s Association and several individual lot owners filed a petition for declaratory judgment against the appellee, City of Winter Garden, seeking to declare certain municipal ordinances unconstitutional, illegal and in conflict with superior state statutes.[1] Specifically, the petition alleged that the city subdivision ordinances have no applicability to the condominium mobile home park and are in contravention of the state condominium statute, Chapter 718, Florida Statutes. The petition asked the court to declare that Orange West, Ltd. has a right to convert the property to condominiums and to declare that the deeds executed pursuant to that change are valid. The petition also sought to have the court enjoin the City from preventing the operation of the mobile home park as a condominium.
The City filed a counterclaim which sought a temporary and permanent injunction enjoining violations of the city ordinances based on the plaintiffs failure to obtain approval of the developer’s plat and because of the violation of the city ordinance prohibiting individual lots from being sold in a mobile home park. The counterclaim also sought relief based on the plaintiffs’ failure to comply with the minimum lot width requirement of the city ordinances. The City sought to enjoin the developer and lot owners from further using, selling or conveying the property and sought an order compelling them to comply with zoning regulations and declaring the existing sales and conveyances null and void. Both parties moved for summary judgment. In connection with these motions, a joint stipulation of facts was filed by the parties.
The lower court granted the City’s motion and entered a final judgment which enjoined the plaintiffs from any further sale of the lots until further court order or until a plat for the property is recorded pursuant to Chapter 177, Florida Statutes. The court also ordered the plaintiffs to “take all actions necessary” either to restore title to all portions of the property to Orange West, or alternatively, to cause a plat to be recorded.[2] The court further enjoined the plaintiffs from any further violations of the municipal code of Winter Garden.
On appeal, Orange West, et al. contend the trial court erred in imposing the city ordinances on the subject property on the bases that (1) any local ordinances are preempted by the state condominium statutes; (2) the city ordinances have no rela *86 tion to the public health or welfare; and (3) the City is equitably estopped from applying the ordinances. Appellants also contend the relief granted by the trial court in the form of an injunction and a divestiture of title is improper. The City responds by asserting that the local subdivision ordinances were applicable to condominiums, that equitable estoppel is inappropriate, and that the relief granted by the court was proper.
Orange West relies on section 718.507, Florida Statutes (1985) in support of its argument that the state has preempted the condominium regulation field from the municipalities and therefore, only compliance with the condominium statute plat requirements is required. Section 718.507 provides:
718.507 Zoning and building laws, ordinances, and regulations. — All laws, ordinances, and regulations concerning buildings or zoning shall be construed and applied with reference to the nature and use of such property, without regard to the form of ownership. No law, or ordinance, or regulation shall establish any requirement concerning the use, location, placement, or construction of buildings or other improvements which are, or may thereafter be, subjected to the condominium form of ownership, unless such requirement shall be equally applicable to all buildings and improvements of the same kind not then, or thereafter to be, subjected to the condominium form of ownership. This section does not apply if the owner in fee of any land enters into and records a covenant that existing improvements or improvements to be constructed shall not be converted to the condominium form of residential ownership prior to 5 years after the later of the date of the covenant or completion date of the improvements. Such covenant shall be entered into with the governing body of the municipality in which the land is located or, if the land is not located in a municipality, with the governing body of the county in which the land is located.
The language contained in section 718.-507 cannot be interpreted to mean that municipal regulations do not apply to condominiums. The Third District rejected a similar preemption argument, based on section 718.507, noting that:
the language of that section when read as a whole ... is clearly not a statement of preemption, but is instead a prohibition against condominium discrimination. The plain language of a statute must be read to mean what it says.
City of Miami Beach v. Rocio Corp., 404 So.2d 1066, 1069 (Fla. 3d DCA), review denied, 408 So.2d 1092 (Fla.1981). Where development of a condominium project constitutes a division of a parcel of land, the developer is subject to municipal regulations and ordinances. 1974 Op. Atty’s Gen. Fla. 074-242 (Aug. 9, 1974); see also People ex rel. Lasalle County v. Grundy County National Bank, 97 Ill.App.3d 101, 52 Ill.Dec. 646, 422 N.E.2d 648 (1981); Annotation, Zoning or Building Regulations as Applied to Condominiums, 71 A.L.R. 3d 866 (1976). The appellants’ contention that the state preempts the field, thus eliminating the requirement of city approval, is without merit. See also § 177.011, § 177.071, Fla.Stat. (1986) (statutory requirements for plats with provision that approval is to be made by appropriate local governing boards).
While the ordinances at issue in this case refer to single owners, this language refers to mobile home parks, and not the formation of a subdivision as was accomplished in the instant case when the individual lands were sold. An ordinance enacted in 1986, Winter Garden Ordinance 86-21, specifically prohibits condominium subdivisions for mobile homes, but that ordinance is not at issue in this case. In fact, the attorney for the City has indicated in the record that 86-21 would not be applied to the subject property. In any event, should it be subsequently applied, the constitutionality and validity of that ordinance in light of the condominium statutes would then be proper for review. This issue is not proper in the present appeal.
*87 Appellants’ contention that the “one owner” provisions in the ordinances are without any reasonable relation to the public health or safety is also not pertinent to this appeal. The focus of the hearing below was on the fact that the lots were nonconforming, and that the property was divided and sold without the proper plat being filed for city approval. The City’s focus both below and on appeal was not on sole ownership, but, rather, was on the requirements for dividing the property, i.e., lot size and platting. Indeed, the letter from the City which basically began the entire action does not recite any problems concerning the ownership of the land, but rather only addresses the improper lot dimensions.
Additionally, appellant’s argument that estoppel would preclude the City from enforcing the ordinance is without merit since the stipulation of facts shows that the lot owners relied on the approval of the state, the recorded declaration and the recorded graphic description of the condominium project in purchasing their condominium units. Under these circumstances, it is the state that the owners were relying on, not the City’s 1982 adoption of the site plan for the mobile home park. In fact, the 1982 approved site plan was substantially different than the plan submitted to the state as part of the condominium project.
The only remaining issue is whether the imposition of an injunction against further violations of the zoning ordinances, with the threat of divestiture should a plat not be filed, is proper. The use of injunctions to enforce legitimate zoning regulations is in the public interest. Thompson v. Planning Commission of the City of Jacksonville, 464 So.2d 1231 (Fla. 1st DCA 1985). Additionally, the municipality has some powers in the regulation of subdivisions and the imposition of plat requirements, such as the grant or denial of building permits. See Kane Homes, Inc. v. City of North Lauderdale, 418 So.2d 451 (Fla. 4th DCA 1982); see also § 177.101, Fla.Stat. (1985) (providing for the vacating of plats and the return of the land to acreage). However, in Kass v. Lewin, 104 So.2d 572 (Fla.1958), the supreme court held, inter alia, that the imposition of the burden of preparing and recording a plat on the owner of land as a condition precedent to the sale of the land was an unreasonable and unconstitutional restraint on the right to alienate property and was without any relation to the public health and safety. If the municipality does not have the power to prevent the sale of land without the plat, it necessarily follows that the court cannot order a divestiture of the land based on a failure to record a plat. Therefore, the remedy invoked by the trial court in this case was improper. Accordingly, the cause is reversed and remanded for the court to impose a proper alternative for noncompliance with the plat requirement.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SHARP, C.J., and DANIEL, J., concur.

. The city ordinances at issue were sections 29-5 and 29-29 of the Winter Garden City Code. Section 29-29, entitled mobile home park regulations, provides in part as follows:
(B) Mobile home park defined. A ‘mobile home park’ shall be a tract of land, under a single ownership, prepared and approved according to the procedures of this article to accommodate ten (10) or more mobile homes. Individual lots shall not be sold.
Section 29-5, entitled "General Definitions,” provides:
Mobile home park. A tract of land in a single ownership which has been developed with all necessary facilities and services in accordance with a site development plan meeting all the requirements of this chapter and which is intended for the express purpose of providing a satisfactory living environment for mobile home living residents on a long term occupancy basis.

. The original judgment called for this action to be completed by March 31, 1988. However, following the filing of the notice of appeal, the court modified the judgment to provide for compliance within 180 days from the completion of any appeal.