THE COUNTY OF MONTGOMERY, Plaintiff-Appellant, v. DEER CREEK, INC., Defendant-Appellee.

Fifth District   No. 5—97—0117

Opinion filed February 20, 1998.—Rehearing denied March 19, 1998.

Kathryn Dobrinic, State's Attorney, of Hillsboro (Norbert J. Goetten, Stephen E. Norris, and Rebecca Sanders, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

Thomas H. Morsch and Lisa A. Hausten, both of Sidley & Austin, of Chicago, and Michael B. White and Ronald D. Lowery, both of Litchfield, for appellee.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

On January 2, 1997, the circuit court of Montgomery County granted a cross-motion for summary judgment by defendant, Deer Creek, Inc., in favor of defendant and against the plaintiff, the County of Montgomery, Illinois. The circuit court ruled that defendant's campground development, Deer Creek, is not a subdivision within the meaning of the Montgomery County Subdivision Ordinance or the Plat Act (765 ILCS 205/0.01 et seq. (West 1994)), and, therefore, the court ruled that Deer Creek is not subject to the regulations of the subdivision ordinance. Plaintiff appeals this ruling.

The relevant facts of this case are undisputed. Defendant is the owner of approximately 70 acres of land in Montgomery County upon which it has begun developing a private campground, Deer Creek. Deer Creek consists of approximately 770 recreational lots. No unit owners will be allowed to establish residency on any of the lots. Further, no improvements or roadways constructed on Deer Creek will be dedicated to any governmental entity. Defendant will be responsible for the maintenance and upkeep of all improvements and roads on Deer Creek.

Originally, Deer Creek was entitled "Deer Creek Recreational Campground." On September 10, 1993, defendant applied to the

Montgomery County Board for variations to the subdivision ordinance as pertaining to Deer Creek Recreational Campground. The request related to street size, lot size, building line width, sewage disposal, and the construction of the roads. Along with this application, defendant filed a plat. On October 12, 1993, the Montgomery County Board denied the request for variations.

After this denial, defendant filed a declaration converting the form of ownership of Deer Creek to a condominium form of ownership. However, there is no indication that anything other than the form of ownership changed with regard to the Deer Creek property. As the circuit court indicated, the plat filed with this declaration appears identical to the plat filed with the request for variations and exceptions. Since the form of ownership of Deer Creek was converted to a condominium form of ownership, defendant argued that Deer Creek was no longer regulated by the subdivision ordinance.

On May 31, 1995, plaintiff filed an amended complaint seeking a declaration of rights and an injunction. Plaintiff requested that the circuit court declare that plaintiff has the authority, pursuant to the subdivision ordinance and the Plat Act, to regulate the development of Deer Creek and that the court restrain defendant from improving or selling any lots on Deer Creek without complying with the provisions of the subdivision ordinance or the Plat Act.

By August 18, 1996, each party had filed a motion for summary judgment, and a hearing was conducted 10 days later. A decision by the circuit court was filed on January 2, 1997. The decision granted defendant's cross-motion for summary judgment and held that Deer Creek is not subject to the subdivision ordinance or the Plat Act. In its order, the circuit court asked itself: "If a campground is developed under condominium laws, is it subject to a county's subdivision ordinance and the Illinois Plat Act?" The court answered, "As this court understands the applicable law, the answer is 'no.'" The court went on to hold, "[Deer Creek] is not a subdivision within the meaning of the Montgomery County Subdivision Ordinance or the Illinois Plat Act."

The pivotal issue before us is whether Deer Creek is subject to the regulations of the Montgomery County Subdivision Ordinance. Before addressing this issue, we note two concessions made by the parties. First, plaintiff concedes that Deer Creek is a condominium pursuant to the Condominium Property Act. 765 ILCS 605/1 (West 1992). Second, defendant concedes that Montgomery County has the authority to enact ordinances to regulate the development of condominiums. See 55 ILCS 5/5—1041 (West 1992); *City of Urbana v. County of Champaign*, 76 Ill. 2d 63, 70-71 (1979). Defendant, in mak-

ing this concession, specifically argues that the subdivision ordinance enacted by Montgomery County applies to a distinctly different type of development and that plaintiff has failed to exercise its authority to enact regulations specifically pertaining to a condominium development. We disagree with defendant's argument, and for the reasons that follow, we believe that the Montgomery County Subdivision Ordinance does apply to Deer Creek and that the circuit court erred in granting defendant's cross-motion for summary judgment.

■ We review a decision by the circuit court granting a motion for summary judgment under the *de novo* standard of review. *Kurtz v. Wright Garage Corp.*, 262 Ill. App. 3d 1103, 1106 (1994). Under that standard, we are not restricted to the reasons for granting summary judgment set forth by the trial court. *Best v. Services for Cooperative & Condominium Communities*, 256 Ill. App. 3d 462, 464 (1993).

■ First, we believe that Montgomery County has the power to regulate Deer Creek, a condominium development, pursuant to its subdivision ordinance. A county derives its power to regulate land developments from the Counties Code. 55 ILCS 5/5—1041 (West 1992). Section 5—1041 provides that a county has the power to regulate by ordinance the course of streets or highways, storm-water runoff channels, sewage collection, etc., in any "map, plat, or subdivision of any block, lot or sub-lot or any part thereof or any piece or parcel of land, not being within any city, village or incorporated town." 55 ILCS 5/5—1041 (West 1992). Because the county has the power to regulate land developments, the next question is whether the county can regulate a condominium pursuant to its subdivision ordinance.

The term *subdivision* is not defined in the Counties Code. However, the Illinois Supreme Court has determined that, pursuant to the Illinois Municipal Code, a subdivision ordinance may apply to a land development that does not involve the division of land into two or more tracts. *City of Urbana v. County of Champaign*, 76 Ill. 2d 63, 70-71 (1979); Ill. Rev. Stat. 1975, ch. 24, par. 11—12—5. In *City of Urbana*, the supreme court determined that a planned unit development (PUD), which does not involve a division of land, may be regulated pursuant to the subdivision ordinance of a municipality. *City of Urbana*, 76 Ill. 2d at 70-71. The supreme court noted that the Illinois Municipal Code clearly recognized that a municipality has a legitimate interest in regulating the development of land near its borders to protect the health and safety of its people and, therefore, the touchstone of a city's power to impose subdivision controls is not the division of a tract into two or more parcels but is its developmental impact upon existing facilities protecting the health and safety of the

municipal residents. *City of Urbana*, 76 Ill. 2d at 70-71. The supreme court concluded that the PUD was a subdivision within the statutory meaning, and the court then examined whether the city's subdivision ordinance applied to the PUD. *City of Urbana*, 76 Ill. 2d at 70-71.

The Counties Code is similar to the Illinois Municipal Code in that it grants the counties, as opposed to municipalities, the power to regulate land developments within its boundaries. We do not believe that the scope of the term *subdivision* should be construed less broadly in the Counties Code than in the Illinois Municipal Code, where the same reasoning is applicable. Using the logic behind the decision in *City of Urbana*, we conclude that a county also has a legitimate interest in regulating the development of land within its borders to protect the health and safety of its people, and merely because the land is not split into two does not change the developmental impact on the county. Therefore, we conclude that a county may regulate a condominium development pursuant to its subdivision ordinance.

■ Therefore, our next task is to determine whether Deer Creek is a subdivision as defined by the Montgomery County Subdivision Ordinance. Section II of the Montgomery County Subdivision Ordinance defines a subdivision as follows:

> "9. *Subdivision.* For the purpose of these regulations a subdivision is either (1) the division of land into two (2) or more lots, sites or parcels of five (5) acres or less in area; (2) establishment of [sic] dedication of a road, highway, street or alley through a tract of land regardless of its area; or (3) division of land heretofore divided or platted into lots, sites, or parcels, provided, however, that the sale or exchange of parcels of land to or between adjoining property owners where such sale or exchange does not create additional lots shall not be considered as a subdivision, and provided further, that a contract of sale requiring conformity with this ordinance may be entered into." Montgomery County Subdivision Ordinance § II(9) (eff. May 8, 1979).

Throughout the circuit court proceedings, plaintiff argued that Deer Creek is a subdivision pursuant to this ordinance because it is essentially a division of land. However, this argument has been abandoned on appeal. Plaintiff now argues that Deer Creek is a subdivision pursuant to this ordinance because of the establishment of roads through the land.

■ Defendant argues that plaintiff has waived this argument on appeal because it was not raised in the circuit court. Generally, an argument not raised in the circuit court is considered waived for purposes of appeal. *Snow v. Dixon*, 66 Ill. 2d 443, 453 (1977) (argu-

ment presented for the first time on appeal is deemed waived). However, as plaintiff correctly points out, waiver is a limitation on the parties, not upon the jurisdiction of the reviewing court. *Herzog v. Lexington Township*, 167 Ill. 2d 288, 300 (1995). A reviewing court may consider an issue not raised in the trial court, if the issue is one of law and is fully briefed and argued by the parties. *People ex rel. Daley v. Datacom Systems Corp.*, 146 Ill. 2d 1, 27 (1991). The following issue is a question of law and has been fully briefed by both parties. Accordingly, we will consider this argument.

We begin our discussion of plaintiff's argument by noting that the ordinance on its face clearly contains a misprint. According to the exact words of the ordinance, a subdivision is the "establishment *of* dedication" (emphasis added) of a road. Montgomery County Subdivision Ordinance § II(9) (eff. May 8, 1979). Defendant argues that the term *of* should be construed as *and*. Not surprisingly, plaintiff argues that the term *of* should be construed as *or*. Based upon our rules of statutory construction, we subscribe to plaintiff's interpretation.

■ In construing an ordinance, the same rules employed in statutory construction apply. *In re Application of the County Collector of Kane County*, 132 Ill. 2d 64, 72 (1989). Effect should be given to the drafter's intention as evidenced by the terminology used, the goals and purposes, the natural import of the words used in common and accepted usage, and the general structure of the ordinance. *Knor v. County of Madison*, 151 Ill. App. 3d 767, 774 (1986). Finally, a court should not adopt a construction that renders words or phrases superfluous. *Application of County Collector*, 132 Ill. 2d at 72.

■ We believe that a construction of the term *of* as *and* would effectively render the word *establishment* superfluous. According to Black's Law Dictionary, the definition of the word *dedication* is "[t]he appropriation of land *** by the owner, for the use of the public, and accepted for such use by or on behalf of the public." Black's Law Dictionary 412 (6th ed. 1990). If we inserted into this definition the term *a road* for the term *land*, then not only must the road be appropriated for the use of the public, it must be accepted for such use by or on behalf of the public. We are not cognizant of a situation wherein a road, street, alley, or tract of land may be dedicated when it has not been established. Neither party cites a case where this is possible. If a road is not established, there is nothing for the owner to appropriate or for the public to accept. Therefore, we believe that a construction of the term *of* as *and* would effectively render the word *establishment* superfluous.

In addition, we believe that a construction of the term *of* as *or* better fulfills the intent of the county in enacting this ordinance. A

county has a legitimate interest in regulating the development of land within its borders to protect the health and safety of its people. *City of Urbana v. County of Champaign*, 76 Ill. 2d 63, 70 (1979). In examining the purpose of a subdivision ordinance, we turn to our court's decision in *People ex rel. County of La Salle v. Grundy County National Bank*, 97 Ill. App. 3d 101 (1981), cited by both parties on appeal. In *Grundy County National Bank*, a developer sought to convert a mobile home park to a condominium form of ownership. The defendant intended to sell cubicles of air over pads and give each owner an undivided interest in the common elements, including the land below. *Grundy County National Bank*, 97 Ill. App. 3d at 102. The county argued that this conversion was not allowed under the Condominium Property Act and that it should be regulated under the county's subdivision ordinance. The court held that the Condominium Property Act did not encompass such a conversion. *Grundy County National Bank*, 97 Ill. App. 3d at 103.

Although that case has apparently been overruled by legislative action, the reasons for the overruling are not relevant to the instant case. We believe that the reasoning behind this court's decision remains viable. In *Grundy County National Bank*, this court warned:

"The type of conversion which defendants envision is essentially nothing more than a subdivision of the existing park. If defendants' argument was accepted, a developer who owned land which he divided into lots, and on which he constructed single residence dwellings, could sell each residence as a unit with certain areas commonly owned, call it a condominium, and avoid any subdivision requirements imposed by the county in which the land was located. We do not believe the legislature intended to pass an act under which such a result could occur. *The State granted the counties the right to set restrictions in subdivisions under the theory that a county is in the best position to determine what is necessary to protect its residents. It would not pass a piece of legislation allowing the county's power to be circumvented.*" (Emphasis added.) *Grundy County National Bank*, 97 Ill. App. 3d at 102-03.

The actions taken by the defendant in the instant case and the result of those actions appear to be the actions and result intended to be prevented by the court in *Grundy County National Bank*. In the instant case, defendant originally proposed a development entitled "Deer Creek Recreational Campground." When a request for variations from the Montgomery County Subdivision Ordinance was denied, an apparent attempt to circumvent the ordinance was made by changing the form of ownership of Deer Creek to a condominium. An identical plat was filed indicating that the physical nature of the

property and the effects upon the health and safety of the county would remain unchanged. An interpretation of the term *of* as *and* would allow such a conversion to escape the regulations of the Montgomery County Subdivision Ordinance as long as the development did not dedicate a road. We do not believe that the county would pass an ordinance allowing the county's authority to be circumvented merely because the development changes its form of ownership, especially where the impact as to the health and safety of the people of the county remains unchanged. A construction of the term *of* as *or* would not allow such a circumvention.

In light of the arguments above, we believe that the term *of*, as a matter of law, must be construed as *or*. Having construed this term as such, it is clear why Deer Creek falls within the Montgomery County Subdivision Ordinance's definition of subdivision.

The definition applies to the establishment or dedication "of a road, highway, street or alley through a tract of land regardless of its area." Montgomery County Subdivision Ordinance § II(9) (eff. May 8, 1979). There is no dispute between the parties that roads will be established on Deer Creek. Therefore, Deer Creek is a subdivision within the meaning of the subdivision ordinance because of the establishment of roads through Deer Creek.

Defendant provides several arguments as to why Deer Creek still remains outside this definition. First, defendant argues that none of the roads on the land bisect the campground or run "through" Deer Creek. Defendant turns to the portion of the ordinance which specifically provides for the establishment of roads "through a tract of land" and contends that this must be interpreted as a road going from one end of the land to the other. Defendant cites to Black's Law Dictionary to support its interpretation of the word *through*. The word *through*, as argued by defendant and defined in Black's Law Dictionary, means "end to end." Black's Law Dictionary 1328 (5th ed. 1979). However, a further examination of Black's Law Dictionary, which defendant fails to reveal, shows that the word *through* is also defined as "in" or "within." Black's Law Dictionary 1481 (6th ed. 1990). The definition of the word *through* in its entirety is as follows:

"**Through.** By means of, in consequence of, by reason of; *in, within*; over; from end to end, or from one side to the other." (Emphasis added.) Black's Law Dictionary 1481 (6th ed. 1990).

Defendant provides no reason why we should apply the words *from end to end* from the definition but ignore the words *in* or *within*. Defendant does not argue that the natural import of the word *through* does not include "in" and "within," but defendant only argues that the commonly understood definition of *through* is from "end to end."

We will not haphazardly pick and choose commonly understood definitions and ignore others, especially without a sufficient reason for doing so. Therefore, we shall construe the word *through* to mean "in," "within," or "from end to end." Because there is no dispute that Deer Creek contains the establishment of roads in and within the campground, we believe that this is sufficient to meet the classification of roads *through* the land as provided in the subdivision ordinance.

Next, defendant argues that the roads established in Deer Creek are not for public use and that the determinative fact with regard to this definition in the ordinance is the creation of a road for public use. We find nothing in the ordinance which mandates that the road established on the land must be a public road in order for it to fall within the purview of the subdivision definition. A subdivision is merely the establishment of a road through a tract of land and does not require, either expressly or impliedly, that the road be public. Defendant argues that such a construction triggers the application of the ordinance to roads like circular driveways and farm roads. However, as these hypothetical facts are not before us on appeal, we will not address their applicability. We reject this argument made by the defendant.

Finally, defendant argues that because the road is not dedicated, it is not within this definition of subdivision. As we explained earlier, the definition provides for establishment *or* dedication, and merely because the road is not dedicated does not exclude it from this definition. Therefore, we conclude that Deer Creek is a subdivision within the Montgomery County Subdivision Ordinance, and it is subject to the regulations provided by such ordinance.

In light of our decision, we need not address the issue of the applicability of the Plat Act.

Before concluding, we note that defendant raises the issue of whether the plaintiff is prevented from enforcing the subdivision ordinance based upon the principles of equitable estoppel and *laches*. This issue was not decided by the circuit court; therefore, we remand this case to the circuit court for further proceedings not inconsistent with this order.

For the foregoing reasons, the decision of the circuit court granting defendant's cross-motion for summary judgment is hereby reversed. We remand this case for further proceedings.

Reversed and remanded.

HOPKINS and CHAPMAN, JJ., concur.